IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD LEE DAVIS, | Civ. No. 2:08-00593 HWG |
| Plaintiff, | |
| vs. | |
| JAMES WALKER; N. GRANNIS; S. FLORY; REYES; TENNISION; RIOS; I. O'BRAIN; R. CARTER; DA ROSA; R. PENNINGTON; GOODRICH; A. NANGALAMA; EDMONSON; D. BAUGHMAN; S. DAVEY; B. DONAHOO; T. SNYDER; L. JOHNSON; K.J. ALLEN; TROY BRIMHALL; JASDEEP BAL; V. DUC; V. O'SHAUGHNESSY; and P. VAN COR, | |
| Defendants. | |

## ORDER DISMISSING COMPLAINT (DOC. 1) WITH LEAVE TO AMEND

Plaintiff Kennard Lee Davis filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  He alleges that while incarcerated at California State Prison, Sacramento, Defendant prison officials destroyed his legal documents; prevented him from receiving legal documents; used excessive force against him; denied him adequate medical care; and retaliated against him for exercising his First Amendment rights under the United States Constitution.

Plaintiff's Complaint is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1), with leave to amend.

1

**PROCEDURAL HISTORY**

On March 17, 2008, Plaintiff filed a Complaint, (Doc. 1), and an Application To Proceed *In Forma Pauperis*, (Doc. 2).

On January 23, 2009, the Court filed an Order Granting Plaintiff's Application For Leave To Proceed *In Forma Pauperis* And Directing Collection Of Filing Fee.  (Doc. 6.)

**STATUTORY SCREENING OF THE COMPLAINT**

Federal district courts are required to screen cases in which prisoners seek redress from a governmental entity or its officers or employees.  28 U.S.C. § 1915A(a).  The court must dismiss the complaint if the plaintiff raises claims that are legally frivolous or malicious, that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989);

2

Franklin, 745 F.2d at 1227.

A claim fails to state a claim on which relief may be granted if it appears that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).

During screening, the court must accept as true the allegations of the complaint, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Bernhardt v. L.A. County, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt). The court is not required to accept as true, however, the plaintiff's conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*); Lucas v. Dep't. of Corr., 66 F.3d 245, 248 (9th Cir.

1995).  A district court should not, however, advise the litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>Lopez</u>, 203 F.3d at 1131 n.13.

## ANALYSIS

To sustain an action under section 1983, a plaintiff must show: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right."  <u>Hydrick v. Hunter</u>, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Mere allegations that a right secured by a state law has been violated do not satisfy the first element of a claim under § 1983. <u>Lovell v. Poway Unified School District</u>, 90 F.3d 367, 370-71 (9th Cir. 1996).

Plaintiff filed this prisoner civil rights action on March 17, 2008.  (Complaint, (Doc. 1).)  He alleges that while incarcerated at California State Prison, Sacramento, Defendant prison officials destroyed his legal documents; prevented him from receiving legal documents; used excessive force against him; denied him adequate medical care; and retaliated against him for exercising his First Amendment rights under the United States Constitution.

4

A.    **Plaintiff's Claims Relating To His Legal Documents**

1.    **Plaintiff's claims relating to the alleged destruction of legal documents are dismissed, with leave to amend**

Plaintiff alleges that on January 19, 2007, Defendants Flory and Da Rosa confiscated and destroyed his personal property, which included legal documents. (Complaint at p. 1.)  He claims that by destroying these legal documents, Defendants denied him access to the courts.  (Id.)

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996) (internal citation omitted).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354 (internal citations omitted).  To state a claim for denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court.  Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.  The claim may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that can no longer be tried (backward-looking claim). Harbury, 536 U.S. at 412-415.  When the access claim looks backward, as alleged here, "the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought."  Id. at 415.  The complaint must also allege both the underlying cause of action and the official acts that

frustrated the litigation.  Id. at 415-16.

Plaintiff here fails to allege sufficient facts to state a claim for denial of access to courts.  Plaintiff asserts that Defendants confiscated and destroyed his legal documents, but he fails to describe the contents of these documents.  Plaintiff also fails to identify an actual injury that amounts to being shut out of court, or any remedy that may be awarded as recompense and is not otherwise available in some suit that may be brought in the future.  Plaintiff's claims against Defendants Flory and Da Rosa are **DISMISSED, WITH LEAVE TO AMEND.**

**2.    Plaintiff's claims relating to the delay in receiving a legal document are dismissed with prejudice**

Plaintiff asserts that Defendants Walker, Reyes, Davey, Donahoo, Snyder, Johnson, Allen, and Grannis delayed the receipt of a legal document.  (Complaint at p. 8.)  Plaintiff claims that by delaying receipt of the document, he was denied access to the courts.  (Id.)

The legal document, entitled "Report and Recommendation of United States Magistrate Judge" ("Report and Recommendation"), was filed in a case brought by Plaintiff for habeas corpus relief in the United States District Court for the Central District of California.  (Davis v. Malfi, Case No. 06-4744 AHM-MLG, (Doc. 49).)  The Report and Recommendation found that Plaintiff's habeas petition contained both exhausted and unexhausted claims and ordered Plaintiff to elect either dismissal of unexhausted

6

claims or dismissal of the entire petition without prejudice.
Plaintiff's election was due by April 16, 2007.  Plaintiff
alleges that the Report and Recommendation was received by prison
officials on March 22, 2007, and delivered 42 days later on May
3, 2007.  (Complaint at p. 10.)  Plaintiff's habeas petition was
dismissed without prejudice on May 8, 2007.  (Case No. 06-4744
AHM-MLG, (Doc. 55).)

On September 8, 2009, after Plaintiff filed his Complaint
here, the Ninth Circuit Court of Appeals reversed the dismissal
of his habeas petition for reasons unrelated to any delay in
delivering Plaintiff's legal document.  (Case No. 06-4744 AHM-
MLG, (Doc. 85).)  Plaintiff's habeas petition is currently active
and pending before the Central District of California, and his
claim here must be considered moot.  Plaintiff has not been "shut
out of court" and cannot allege sufficient facts to state a claim
for denial of access to courts, relating to Defendants' alleged
delay in delivering the Report and Recommendation.  Plaintiff's
claims against Defendants Walker, Reyes, Davey, Donahoo, Snyder,
Johnson, Allen, and Grannis for denial of access to courts are
**DISMISSED WITH PREJUDICE.**

**B.    Plaintiff's Claims Relating To Excessive
       Force, Inadequate Medical Care, and Retaliation**

Plaintiff claims that on January 19, 2007, Defendants Flory
and Da Rosa forced him to push over 100 pounds of his personal
property in an allegedly non-authorized push-cart, resulting in

7

personal injury.  (Complaint at p. 3.)  He claims that his
injuries were exacerbated by the "institutional policies" of
Defendants Walker, Reyes, Tennision, Rios, O'Brain, Carter,
Pennington, Grannis, and Goodrich.  (<u>Id.</u>)  These "institutional
policies" require that inmates are handcuffed when walking
between facilities.  (<u>Id.</u>)  He argues that this treatment
constitutes excessive force in violation of the Eighth Amendment
(<u>Id.</u>)  Plaintiff also accuses Defendant Baughman of violating his
civil rights.  (<u>Id.</u> at p. 1.)

Plaintiff alleges that on April 10, 2007, he was denied
adequate medical care for these injuries by Defendants Walker,
Reyes, Brimhall, Bal, Nangalama, Duc, O'Brain, Carter,
O'Shaughnessy, Grannis, and Van Cor.  (<u>Id.</u> at pp. 14 and 21.)
He also asserts that Defendants acted in retaliation against
Plaintiff for his filing of lawsuits and internal prison
grievances, in violation of his First Amendment Rights.  (<u>Id.</u>
at p. 3.)

## 1.   Plaintiff's Eighth Amendment excessive force claims are dismissed, with leave to amend

An officer's use of excessive force violates the Eighth
Amendment only when the inmate is subjected to the "unnecessary
and wanton infliction of pain."  <u>Hudson v. McMillian</u>, 503 U.S. 1,
6-7 (1992) (quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)).
To decide whether force inflicts "unnecessary and wanton" pain,
courts must determine "whether force was applied in a good-faith

effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 6-7.  "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  Id. at 9-10 (internal citations omitted).  A prison official may also violate the Eighth Amendment by failing to intervene when fellow officers use excessive force.  Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (internal citations omitted).

Plaintiff here fails to allege sufficient facts to state an Eighth Amendment claim for excessive force.  He does not allege that Defendants Flory or Da Rosa were aware of his pain or that they acted maliciously or sadistically.  He also fails to allege that the "institutional policies" of being placed in restraints was unnecessary to maintain discipline.  Plaintiff's claims against Defendants Flory, Da Rosa, Walker, Reyes, Tennision, Rios, O'Brain, Carter, Pennington, Grannis, Goodrich, and Baughman are **DISMISSED, WITH LEAVE TO AMEND.**

   **2.   Plaintiff's Eighth Amendment inadequate medical
        care claims are dismissed, with leave to amend**

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 104-105 (1976).  This standard

9

contains both subjective and objective components.  The
subjective component requires proof that officials acted with
deliberate indifference.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 847
(1994).  The objective component requires proof that the
deprivation was sufficiently serious.  <u>Id.</u> at 834 (citing <u>Wilson
v. Seiter</u>, 501 U.S. 294, 298 (1991)).

"Deliberate indifference" exists when a prison official
knows that an inmate faces a substantial risk of serious harm to
his health and fails to take reasonable measures to abate the
risk.  <u>Farmer</u>, 511 U.S. at 847.  Medical needs are "serious" when
the failure to treat a prisoner's condition could result in
further significant injury or the "unnecessary and wanton
infliction of pain."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th
Cir. 1992) (overruled on other grounds by <u>WMX Technologies, Inc.
v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997)).

Plaintiff alleges that after pushing his personal property
on January 19, 2007, he sustained injuries to his "lower back,
spinal cord, and strained neck."  (Complaint at pp. 14-15.)  He
claims that on April 10, 2007, he was inadequately treated by
Defendant Nangalama, a medical doctor, who allegedly refused to
evaluate Plaintiff's lower back and spinal cord.  (<u>Id.</u> at pp. 4
and 15.)  He also claims that Defendant Edmonson, a registered
nurse, prohibited him from receiving treatment by Defendant
Nangalama at a later date.  (<u>Id.</u> at pp. 4 and 21.)  Plaintiff

10

asserts that he filed a number of internal prison grievances related to these injuries, and that the handling and denial of these grievances by Defendants Walker, Reyes, Brimhall, Bal, Duc, O'Brain, Carter, O'Shaughnessy, Grannis, and Van Cor constitutes a further violation of his Eighth Amendment rights. (<u>Id.</u> at pp. 14-20.) Plaintiff states, however, that after submitting the internal prison grievances, he received medical treatment, including a magnetic resonance imaging ("MRI") scan, on July 23, 2007. (<u>Id.</u> at p. 25.)

Plaintiff fails to allege sufficient facts that would satisfy both the subjective and objective components of an Eighth Amendment claim for inadequate medical care. Plaintiff received medical treatment no later than July 23, 2007. For the subjective component, Plaintiff alleges that he was in pain and discomfort, but he fails to identify which Defendants, if any, knew that he faced a substantial risk of serious harm to his health and purposefully delayed his medical treatment. Under <u>Farmer</u>, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837. Plaintiff instead describes conduct that more closely resembles negligence, which does not rise to the level of deliberate indifference. <u>Id.</u> at 835 (citing <u>Estelle</u>, 429 U.S. at 106). For the objective component, Plaintiff does not allege

11

that the delay in medical treatment resulted in further significant injury.  Plaintiff's Eighth Amendment claims against Defendants Nangalama, Edmonson, Walker, Reyes, Brimhall, Bal, Duc, O'Brain, Carter, O'Shaughnessy, Grannis, and Van Cor for failure to provide adequate medical care are **DISMISSED, WITH LEAVE TO AMEND**.

### 3.   Plaintiff's retaliation claims are dismissed, with leave to amend

Plaintiff claims that the January 19, 2007 destruction of his legal documents and pushing of his personal property was done in retaliation, after Plaintiff exercised his First Amendment right to file complaints and advocate for other inmates. (Complaint at pp. 1-2.)  He alleges that Defendants Flory, O'Brain, and Carter agreed that Plaintiff "had been filing too many court documents."  (Id. at p. 2.)

In Rhodes v. Robinson, the Ninth Circuit Court of Appeals held that prisoners have a First Amendment right to file prison grievances and that retaliation against prisoners for exercising this right is a constitutional violation.  408 F.3d 559, 566 (9th Cir. 2005) (internal citation omitted).  The Rhodes court established five elements of a "viable claim of First Amendment retaliation" in the prison context:  (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

12

Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Id. at 567-568 (internal citations omitted).  A prisoner who fails to allege a chilling effect can state a claim by alleging that he suffered some other harm.  Id. at 568 n.11 (internal citation omitted).

Plaintiff fails to allege sufficient facts to state a First Amendment retaliation claim against Defendants.  Plaintiff's claims are conclusory.  He fails to allege that Defendants lacked a legitimate correctional goal in confiscating his legal documents or forcing Plaintiff to push his personal property.  He also fails to state that his First Amendment Rights were actually chilled.  Plaintiff's First Amendment retaliation claims against Defendants Flory, O'Brain, and Carter are **DISMISSED, WITH LEAVE TO AMEND**.

## C.    Plaintiff's Claims Relating To His Personal Property Are Dismissed, With Leave To Amend

Plaintiff alleges that on June 1, 2006, Defendant Flory confiscated Plaintiff's personal property, consisting of food and personal care items.  (Complaint at pp. 2 and 5.)  It is unclear whether Plaintiff intends to assert a separate cause of action against Defendant Flory based on these allegations, or whether Plaintiff is providing background for his claim that Defendant Flory destroyed his legal documents.  To the extent Plaintiff intends to assert a separate cause of action based on the confiscation of personal property, those claims are dismissed

13

with leave to amend.  If Plaintiff intends to include a separate cause of action against Defendant Flory in any amended complaint, Plaintiff must make a short and plain statement to that effect.

### LEAVE TO AMEND

The Court must construe *pro se* pleadings liberally and afford *pro se* litigants the benefit of any doubt.  As the Court is unable to determine whether amendment to this pleading would be futile, leave to amend is granted.

By May 20, 2010, Plaintiff may submit a First Amended Complaint to cure the deficiencies discussed above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing the First Amended Complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the First Amended Complaint and dismiss this action without further notice.

In any amended complaint, Plaintiff must write short, plain statements explaining: (1) the constitutional right Plaintiff believes was violated; (2) the name of each individual defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that defendant's conduct.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72 (1976).  Plaintiff must repeat this process for each person he names as a defendant.  If Plaintiff fails to affirmatively link

14

the conduct of each named defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.

Any amended complaint supercedes the original Complaint. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992).  After amendment, the Court will treat the original Complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint is waived if it is not raised again in the First Amended Complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## 28 U.S.C. § 1915(g)

Plaintiff is further **NOTIFIED** that the Complaint has been dismissed for failure to state a claim.  If Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, this dismissal will count as a "strike" under 28 U.S.C. § 1915(g).[1]

---

[1] 28 U.S.C. § 1915(g) states: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more

**CONCLUSION**

1.   Plaintiff's Complaint, filed March 17, 2008, (Doc. 1),
     is **DISMISSED**, pursuant to 28 U.S.C. §§ 1915A and
     1915(e)(2), for failure to state a claim on which
     relief may be granted:

   A.   Plaintiff fails to state a denial of access to the
        courts claim relating to the alleged destruction
        of legal documents, and these claims are **DISMISSED**
        as to all Defendants, with leave to amend;

   B.   Plaintiff fails to state a denial of access to the
        courts claim relating to the delay in receiving a
        legal document, and these claims are **DISMISSED**
        **WITH PREJUDICE** as to all Defendants;

   C.   Plaintiff fails to state an Eighth Amendment
        excessive force claim, and these claims are
        **DISMISSED** as to all Defendants, with leave
        to amend;

   D.   Plaintiff fails to state an Eighth Amendment claim
        for inadequate medical care against, and these
        claims are **DISMISSED** as to all Defendants, with

---

prior occasions, while incarcerated or detained in any facility,
brought an action or appeal in a court of the United States that
was dismissed on the grounds that it is frivolous, malicious, or
fails to state a claim upon which relief may be granted, unless
the prisoner is under imminent danger of serious physical
injury."

leave to amend; and

E.   Plaintiff fails to state a First Amendment

retaliation claim, and these claims are **DISMISSED**

as to all Defendants, with leave to amend.

2.   Plaintiff is given leave to amend and is **GRANTED** up to

and including May 20, 2010, to file a First Amended

Complaint curing the deficiencies discussed above.

Plaintiff is **NOTIFIED** that the First Amended Complaint

may not add new claims or new defendants that were not

involved in the conduct, transactions, or occurrences

set forth in the original Complaint.  Fed. R. Civ.

P. 15(c).  The First Amended Complaint "shall be

retyped and filed so that it is complete in itself

without reference to the prior or superseded pleading."

Local Rule 15-220.  After amendment, the Court will

treat the original Complaint as nonexistent.

3.   If Plaintiff fails to file a First Amended Complaint by

May 20, 2010, the Clerk of Court is **DIRECTED** to enter

judgment of dismissal of this action with prejudice,

clearly stating that the dismissal counts as a "strike"

under 28 U.S.C. § 1915(g).

4.   The Clerk of Court is **DIRECTED** to send Plaintiff a

prisoner civil rights complaint form so that he may

amend the Complaint.

17

5.    At all times during the pendency of this action,
Plaintiff SHALL IMMEDIATELY ADVISE the Court and
opposing counsel of any change of address and its
effective date.  Such notice shall be captioned "NOTICE
OF CHANGE OF ADDRESS."  The notice shall contain only
information pertaining to the change of address and its
effective date, except that if Plaintiff has been
released from custody, the notice should so indicate.
The notice shall not include any motions for any other
relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS
may result in the dismissal of the action for failure
to prosecute pursuant to Federal Rule of Civil
Procedure 41(b).

IT IS SO ORDERED.

DATED: April 20, 2010, Honolulu, Hawaii.


/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge


Davis v. Walker, _et al._; Civ. No. 2:08-00593 HWG; **ORDER
DISMISSING COMPLAINT (DOC. 1) WITH LEAVE TO AMEND.**