IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNARD LEE DAVIS, | | |
| | Plaintiff, | No. 2:08-cv-0593 KJM DAD (PC) |
| vs. | | |
| JAMES WALKER, et al., | | |
| | Defendants. | |
| _____/ | | |
| KENNARD LEE DAVIS, | | |
| | Plaintiff, | No. 2:10-cv-2139 KJM DAD (PC) |
| vs. | | |
| JAMES WALKER, et al., | | ORDER AND |
| | Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with the above-captioned civil rights actions pursuant to 42 U.S.C. § 1983. These proceedings have been referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

/////

1

1    On July 26, 2011, in Case No. 2:08-cv-0593 KJM DAD (PC), plaintiff filed a
2 motion for appointment of a guardian ad litem and/or appointment of counsel.  Plaintiff's motion
3 is predicated on his mental health status and, specifically, on the ground that he is subject to
4 orders for administration of long term involuntary psychotropic medication pursuant to the
5 decision in Keyhea v. Rushen, 178 Cal.App.3d 526 (1986).
6    On December 27, 2011, a minute order was issued in Case No. CV 06-4744-AHM
7 (MLG) (C.D. Cal.).  That order included the following findings:

> Petitioner has been found incompetent.  Due to mental illness, he does not have the ability to consult with his lawyer with a reasonable degree of rational understanding and does not have a rational nor factual understanding of the proceedings against him.  A guardian ad litem has been appointed to represent Petitioner's interests with respect to court appointed counsel.  The finding of incompetence is equally applicable to the ability of Petitioner to consult with or rationally understand the guardian ad litem.

13 Order filed December 27, 2011 (Doc. No. 169) in Case No. CV 06-4744-AHM (MLG)
14 (C.D.Cal.).  The court takes judicial notice of this order.  See Fed. R. Evid. 201; see also MGIC
15 Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d
16 118, 119 (9th Cir. 1980).
17    Rule 17(c)(2) of the Federal Rules of Civil Procedure provides:

> A minor or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

21 Fed. R. Civ. P. 17(c)(2).  The decision whether to appoint a guardian ad litem is "normally left to
22 the sound discretion of the trial court." United States v. 30.64 Acres of Land, etc., 795 F.2d 796,
23 804 (9th Cir. 1986).  "Although the court has broad discretion and need not appoint a guardian ad
24 litem if it determines the person is or can be otherwise adequately protected, it is under a legal
25 obligation to consider whether the person is adequately protected." Id. at 805 (citation omitted).
26 /////

1  Plaintiff has been determined to be incompetent by another district court. He is
2  also under a court order for involuntary medication. He has requested appointment of a guardian
3  ad litem and/or counsel. This court has been advised by the ADR and Pro Bono Coordinator for
4  the Eastern District of California that there is no individual available to serve as guardian ad
5  litem for plaintiff, or to undertake the representation of plaintiff in this action. Plaintiff's motion
6  for appointment of a guardian ad litem and/or appointment of counsel must therefore be denied.

7  It is also the case that the district court has "inherent authority to stay proceedings
8  before" it. Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003) (citing Landis v.
9  N. Am. Co., 299 U.S. 248, 254 (1936). Under the unique circumstances presented here, this
10 court finds that the most appropriate available measure that can be taken to adequately protect
11 plaintiff in these two civil actions which he has initiated on his own behalf is to stay the cases
12 until any party thereto provides evidence that plaintiff has been restored to competency and is
13 capable of protecting his own interests through self-representation in these two actions while he
14 has filed.

15 In view of this recommendation, all pending motions in both actions will be
16 denied without prejudice.

17 In accordance with the above, IT IS HEREBY ORDERED that:

18 1. Plaintiff's July 26, 2011 motion for appointment of guardian ad litem and/or
19 appointment of counsel (Doc. No. 25) in Case No. 2:08-cv-0593 KJM DAD (PC) is denied;

20 2. All pending motions in Case No. 2:10-cv-2139 KJM DAD (PC) (Doc. Nos. 28,
21 31, 33, 37, 38, 39, 43, 44, 45, 46, 49, 52, 54, 55, and 56) are denied without prejudice; and

22 IT IS HEREBY RECOMMENDED that:

23 1. Case No. 2:08-cv-0593 KJM DAD (PC) be stayed until either party files a
24 motion to lift the stay accompanied by evidence that plaintiff has been found to be restored to
25 competency;
26 /////

      2. Case No. 2:10-cv-2139 KJM DAD (PC) be stayed until either party files a motion to lift the stay accompanied by evidence that plaintiff has been found to be restored to competency; and

      3. The Clerk of the Court be directed to administratively close Case Nos. 2:08-cv-0593 KJM DAD (PC) and Case No. 2:10-cv-2139 KJM DAD (PC).

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2012.

                                                    /s/ Dale A. Drozd
                                                    DALE A. DROZD
                                                    UNITED STATES MAGISTRATE JUDGE

DAD:12
davis.stys