UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD LEE DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES WALKER, et al.<br><br>　　　　Defendants. | No.  2:08-cv-0593 KJM DAD P |
| KENNARD LEE DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES WALKER, et al.<br><br>　　　　Defendants. | No.  2:10-cv-2139 KJM DAD P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding with these actions for alleged civil rights violations pursuant to 42 U.S.C. § 1983.  On February 22, 2012, the court took judicial notice of a finding in the plaintiff's federal habeas action pending in the Central District of California, wherein that court recognized that the plaintiff had been found incompetent.  See Civil Action No. 2:08-cv-0593 KJM DAD P (Order and Findings and Recommendations (Doc. No. 28) at 2).  On April 3, 2012, this court stayed both actions after finding that there was no individual available to serve as

1

guardian ad litem for plaintiff in this court. Id. (Doc. No. 30).  Plaintiff filed appeals in both cases, and the Ninth Circuit vacated the stay orders on March 24, 2014, with instructions "to consider whether it should appoint a guardian ad litem for [plaintiff] pursuant to [Federal Rule of Civil Procedure] 17(c)." Davis v. Walker, 745 F.3d 1303, 1311-12 (9th Cir. 2014).  The appellate court further directed that if this court declined to appoint a guardian ad litem, it should "craft an appropriate order designed to protect [plaintiff's] interests." Id. at 1312.

The appointment of a guardian ad litem pursuant to Rule 17(c) is committed to the sound discretion of the district court.  See United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th Cir.1986).  "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation.  For example, notwithstanding the incompetency of a party, the guardian may make binding contracts for the retention of counsel and expert witnesses and may settle the claim on behalf of his ward." Id.  Moreover, "federal, not state law, governs the appointment of a guardian ad litem in federal court." Hulstedt v. City of Scottsdale, Arizona, No. CV-09-1258-PHX-MHM, 2011 WL 772387 at *2 (D. Ariz. Mar. 1, 2011).  See also Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 134-35 (3rd Cir. 2002).  Thus the court's determination "focus[es], as it must, on the best interests of [the plaintiff]." Id.

Upon due inquiry, it appears to the court that plaintiff remains legally incompetent to prosecute his civil rights actions pending before this court pro se.  Appointment of a guardian ad litem is therefore desirable to protect plaintiff's interests.  The court has communicated with plaintiff's habeas counsel in the Central District, attorney Brian Pomerantz, who has been very helpful in this regard.[1]  Mr. Pomerantz put representatives of this court in touch with plaintiff's brother, Ronnie Tolliver, who had expressed a willingness to serve as guardian ad litem in both of these actions.  The court has now spoken directly with Mr. Tolliver about that possibility and is fully satisfied that he understands the role of a guardian ad litem and is indeed willing and able to

/////

---

[1] Mr. Pomerantz attended a telephonic status conference before this court in which he, counsel for defendants and plaintiff's appellate counsel discussed with the court potential avenues for finding a guardian ad litem or otherwise "craft[ing] an appropriate order designed to protect [plaintiff's] interests."

serve as one for his brother in these two actions. Therefore the court will appoint Mr. Tolliver as guardian ad litem for plaintiff Kennard Lee Davis.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Ronnie Tolliver is appointed as guardian ad litem for plaintiff Kennard Lee Davis in Civil Action Nos. 2:08-cv-0593 KJM DAD P and 2:10-cv-2139 KJM DAD P.

2. The Clerk of Court is directed to serve this order and all subsequent orders and filings in Civil Action Nos. 2:08-cv-0593 KJM DAD P and 2:10-cv-2139 KJM DAD P on Mr. Ronnie Tolliver electronically at rtolliver2@verizon.net and by U.S. Mail at 14603 Grayland Avenue, Norwalk, California 90650.

3. The Clerk of Court is directed to serve a courtesy copy of this order on Brian Pomerantz at Pomerant@umich.edu.

Dated: October 29, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
davi0593.gal

---

[2] Now that a guardian ad litem has been located and appointed, the court intends to explore anew whether it can identify counsel willing to be appointed to represent plaintiff's interest in this case. The court will defer further scheduling of these actions until it is determined whether counsel can be located and appointed.