UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>       Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>       Defendants.<br>------------------------------------------ | No.  2:08-0593 KJM CKD P (TEMP) |
| KENNARD DAVIS,<br><br>       Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>       Defendants. | No. 2:10-2139 KJM CKD P (TEMP)<br><br><br><br><br><br>ORDER |

This matter came on for a status conference before the undersigned on July 6, 2016. Plaintiff Kennard Davis appeared telephonically.[1] Plaintiff's guardian ad litem, Ronnie Tolliver, failed to appear. Gabriel Ullrich appeared for defendant Walker. Chad Couchot appeared for

---

[1] Plaintiff objected to the proceedings. Plaintiff's objections were duly noted on the record and are overruled.

1

1  defendant Allen.  Upon review of the record, upon discussion with plaintiff and counsel, and
2  good cause appearing, THE COURT FINDS AND ORDERS AS FOLLOWS:

3      1. By order filed June 28, 2016, guardian ad litem Ronnie Tolliver was ordered to appear,
4  either in person or telephonically, at the status conference.  Guardian ad litem Tolliver failed to
5  appear.  Guardian ad litem Tolliver was duly appointed to represent the interests of plaintiff in
6  these actions.  08-593 ECF No. 40.  Guardian ad litem Tolliver is advised that he must comply
7  with court orders and that failure to do so may result in a recommendation that these actions be
8  dismissed.

9      2. Plaintiff was last evaluated for competency in 2011.  The court has determined that a
10 current evaluation of plaintiff's competency is appropriate.[2]  Defense counsel Ullrich advised the
11 court that plaintiff's current treating psychiatrist cannot provide a competency evaluation due to
12 the conflict of a dual relationship.  Accordingly, under Federal Rule of Civil Procedure 706, the
13 court intends to appoint an expert witness to assist the court in evaluating whether plaintiff has
14 been restored to competency.

15     a. No later than July 22, 2016, the parties shall show cause why such an expert
16 should not be appointed.  See Fed. R. Civ. P. 706(a).

17     b. No later than July 29, 2016, the parties may submit nominations for such
18 expert.

19     c. No later than August 5, 2016, the custodian of records for the facility where
20 plaintiff is currently incarcerated shall submit to the court, under seal, plaintiff's complete
21 medical record maintained by the CDCR, including records of psychiatric treatment.  Defense
22 counsel Ullrich shall serve a copy of this order on the custodian of records and shall facilitate
23 delivery of the records to the court.

24     3. Pending the competency evaluation, a scheduling order shall not issue.  If plaintiff is
25 found to be restored to competency, the guardian ad litem will be dismissed and plaintiff shall

---

[2] This procedure is consonant with the mandate of the United States Court of Appeal for the Ninth Circuit.  ECF No. 35.

1  proceed in propria persona.  Guardian ad litem Tolliver is advised that if plaintiff is not found to
2  be restored to competency, it will be incumbent on the guardian ad litem to obtain counsel within
3  a reasonable amount of time.[3]  See Johns v. County of San Diego, 114 F.3d 874 (9th Cir. 1997)
4  ("It goes without saying that it is not in the interest of minors or incompetents that they be
5  represented by non-attorneys.  Where they have claims that require adjudication, they are entitled
6  to trained legal assistance so their rights may be fully protected.").   Failure to obtain counsel may
7  result in a recommendation that this action be dismissed without prejudice.

8      4. Plaintiff has filed numerous pleadings while he has been represented by counsel and
9  since the appointment of a guardian ad litem.  Because plaintiff has been found incompetent and
10  is proceeding in this action through his guardian ad litem, plaintiff may not file documents on his
11  own behalf.  The multiplicity of plaintiff's filings are a burden on both the court and defendants
12  and impede the proper prosecution of this action.  Plaintiff's future filings, made through his
13  guardian ad litem, shall therefore be limited.  Plaintiff, through his guardian ad litem, may only
14  file the following documents:

15      a. Response to the order to show cause set forth above and nomination of court
16  appointed expert;

17      b. One opposition to any motion filed by defendants (and clearly titled as such);

18      c. Only one motion pending at any time.  Plaintiff, through his guardian ad litem,
19  is limited to one memorandum of points and authorities in support of the motion and one reply to
20  any opposition; and

21      d. One set of objections to any findings and recommendations.

22      Failure to comply with this order shall result in improperly filed documents being stricken
23  from the record and may result in a recommendation that this action be dismissed.

24  /////
25  /////
26

---

27  [3]  The court has now appointed two different counsel to represent plaintiff.  The second counsel withdrew after plaintiff allegedly made false allegations against appointed counsel.  The court's
28  further efforts to obtain counsel for plaintiff have been unavailing.

5. The motions currently pending on the dockets of these cases (case no. 08-593, ECF Nos. 74, 76, 77, 84, 85; case no. 10-2139, ECF Nos. 129, 131, 132, 140, 141) were improperly filed by the incompetent plaintiff and are accordingly stricken.

Dated:  July 7, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 davis0593.oas