UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| In re: KENNARD LEE DAVIS. | No. 16-72331 |
|---|---|
| KENNARD LEE DAVIS, guardian ad litem Ronnie Tolliver, | D.C. Nos. |
| | 2:10-cv-02139 KJM DB |
| Petitioner, | 2:08-cv-00593 KJM DB |
| v. | Eastern District of California, Sacramento |
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO, | |
| | ANSWER |
| Respondent, | |
| RONNIE TOLLIVER, Guardian Ad Litem for Kennard Lee Davis; et al., | |
| Real Parties in Interest. | |

Plaintiff is a state prisoner proceeding in forma pauperis with civil rights actions under 42 U.S.C. § 1983. On July 11, 2016, plaintiff filed a petition for writ of mandamus in the United States Court of Appeals for the Ninth Circuit (Court of Appeals). That petition was opened as

/////

/////

1

Court of Appeals Docket No. 16-72331.  On October 18, 2016, the Court of Appeals issued an order which provides as follows:

> This petition for a writ of mandamus raises issues that warrant an answer.  *See* Fed. R. App. P. 21(b).  Accordingly, within 30 days after the date of this order, the real parties in interest shall file an answer.  In particular, the answer shall address that [sic] status of petitioner's competency proceedings and shall address the process by which petitioner may file motions with the district court, including a motion requesting medical treatment.
>
> The district court, within 14 days after the date of this order, may address the petition if it so desires.  The district court may elect to file an answer with this court or to issue a supplemental order and serve a copy on this court.  Petitioner may file a reply within 5 days after service of the answer(s).  The petition, answer(s), and any reply shall be referred to the next available motions panel.
>
> The Clerk shall serve this order on the district court and District Judge Mueller.
>
> All pending motions will be addressed by separate order.

*Davis v. United States District Court*, No. 16-72331, slip op. at 1-2 (9th Cir. Oct. 18, 2016) (ECF No. 6).

After review of the petition for writ of mandamus and the record in the two actions pending before this court, the undersigned now submits the following response.  By his petition for writ of mandamus, plaintiff seeks an order compelling this court to rule on a motion for preliminary injunction filed by plaintiff in September 2011 seeking to enjoin prison medical staff from denying him adequate medical care.  *See* Petition for Writ of Mandate at 2-3, *Davis v. United States District Court*, No. 16-72331 (9th Cir. July 11, 2016) (ECF No. 1). This court is prepared to assume jurisdiction over the matters raised in the petition of mandamus and to address those matters on their merits, including the current status of plaintiff's access to medical care and the adequacy of such care, as well as the status of plaintiff's competency proceedings and the process by which plaintiff may proceed in the above-captioned actions.  *See Davis v. United States District Court*, No. 16-72331, slip op. at 1-2 (9th Cir. Oct. 18, 2016) (ECF No. 6).  Resolution of those matters on the merits will require longer than the fourteen days

/////

provided in the Court of Appeals' order for issuance of a supplemental order by this court. This court is prepared to take the following steps immediately if jurisdiction is transferred back to it:

   1. Obtain a report from plaintiff's mental health clinicians on the current status of plaintiff's mental health, including but not limited to whether he is currently under a *Keyhea*[1] order for involuntary medication, the reason(s) for his current psychiatric inpatient hospitalization, and the prognosis for length of stay and any other matter relevant to plaintiff's ability to litigate this action[2]; and

   2. Consider appointment of a medical expert as provided by Federal Rule of Evidence 706 to conduct an independent medical examination of plaintiff and report to the court on the current status of plaintiff's physical health, including those matters identified in plaintiff's September 2011 motion for preliminary injunction and the operative complaints in the above-captioned actions.

/////

---

[1]  *Keyhea v. Rushen*, 178 Cal. App. 3d 526 (1986).

[2]  The finding of incompetency relied on by this court in staying this action was made on August 15, 2011 by a United States Magistrate Judge in the United States District Court for the Central District of California (Central District). *See* Order and Findings and Recommendations, Case No. 2:10-cv-2139 (E.D. Cal. Feb. 22, 2012) (ECF No. 59) (taking judicial notice of Order filed December 27, 2011 in Central District Case No. CV 06-4744); Order, Case No. 2:10-cv-2139 (E.D. Cal. Apr. 3, 2012) (ECF No. 62). The action in which the competency proceedings were conducted is a habeas corpus action filed by plaintiff in the Central District, and the competency proceedings were required under a remand order issued by the Court of Appeals. *See Davis v. Malfi*, No. 2:06-cv-4744 JVS JEM (C.D. Cal. Aug. 15, 2011) (ECF No. 158). That habeas corpus action is now pending before the Court of Appeals and plaintiff still has a guardian ad litem in that action. *See* Motion to Substitute Guardian Ad Litem, *Davis v. Malfi*, No. 15-55561 (9th Cir. July 12, 2016) (ECF No. 56). The record before the Court of Appeals in the 2015 action shows that a United States Magistrate Judge granted an application to substitute a new guardian ad litem as recently as June 6, 2016. *Id.*

 The Magistrate Judge assigned at the time to the two actions pending here conducted a status conference on May 9, 2014, following the Court of Appeals' reversal of this court's order staying the two actions. The transcript of that status conference has been filed in both cases. *See* Case No. 2:08-cv-0593 (E.D. Cal. Oct. 28, 2016) (ECF No. 125); Case No. 2:10-cv-2139 (E.D. Cal. Oct. 28, 2016) (ECF No. 183). Among other matters, the transcript illuminates the circumstances that led to the finding of incompetency in plaintiff's habeas corpus action.

 Absent specific direction from the Court of Appeals, this court is not inclined to take steps that might interfere with the orders of the Central District concerning plaintiff's incompetence.

The court also is continuing its ongoing efforts to find counsel willing to represent plaintiff or the guardian ad litem appointed by this court. Since the 2014 decision by the Court of Appeals reversing this court's stay of the above-captioned actions, the assigned magistrate judges have appointed plaintiff's brother Ronnie Tolliver as his guardian ad litem (ECF No. 81)[3], and have twice appointed counsel for plaintiff (ECF Nos. 82, 104). Both attorneys moved to withdraw. The first appointed attorney, Benjamin Williams, informed the court that he could not, as a solo practitioner, manage plaintiff's two "complex" civil rights cases. (ECF No. 89-2 at 1.) The second attorney, Brian Pomerantz, who is also plaintiff's federal habeas counsel, was compelled to move to withdraw because plaintiff had filed numerous documents with the court alleging, among other things, that Mr. Pomerantz had a conflict of interest. (ECF No. 115.) Both motions to withdraw were granted. (ECF Nos. 96, 127.) In 2014 and again in early 2016, the court's ADR and Pro Bono Director conducted exhaustive searches for counsel to undertake representation in these cases.[4]

For the foregoing reasons, this court respectfully requests that the United States Court of Appeals for the Ninth Circuit dismiss the petition for writ of mandamus filed by plaintiff in *Davis v. United States District Court*, No. 16-72331 (9th Cir.) with instructions to this court to address forthwith the matters raised in that petition on the merits.

In accordance with the above, IT IS HEREBY ORDERED that this response shall be transmitted to the United States Court of Appeals for the Ninth Circuit for filing in *Davis v. United States District Court*, No. 16-72331 (9th Cir.).

DATED: October 31, 2016

UNITED STATES DISTRICT JUDGE

---

[3] With the exception of footnote 2, the ECF numbers in this order are from Case No. 2:10-cv-2139 (E.D. Cal.). The orders referred to have also been filed in Case No. 2:08-cv-0593.

[4] The transcript of the May 9, 2014 status conference also provides insight into the court's efforts to secure counsel and/or a guardian ad litem for plaintiff, both before and after issuance of the findings and recommendations that led to the stay order. For example, at the status conference the Magistrate Judge requested that the attorney who represented plaintiff on his successful appeal in the Court of Appeals volunteer to continue representation in this court. The attorney declined the request.