UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNARD LEE DAVIS,

          Plaintiff,

     v.

JAMES WALKER, et al.,

          Defendants.

No.  2:08-cv-0593 KJM DB P

KENNARD LEE DAVIS,

          Plaintiff,

     v.

JAMES WALKER, et al.,

          Defendants.

No.  2:10-cv-2139 KJM DB P


ORDER APPOINTING EXPERT

     Plaintiff is a state prisoner proceeding in forma pauperis with civil rights actions

under 42 U.S.C. § 1983.  Plaintiff is proceeding in both actions through a guardian ad litem,

Ronnie Tolliver.  *See* ECF Nos. 40; 81.[1]  By order filed May 18, 2017, this court referred these

---

[1] Throughout this order citations to documents filed in the court's Electronic Case Filing (ECF) system are first to the record in Case No. 2:08-cv-0593 KJM DB and second to the record in Case No. 2:10-cv-2139 KJM DB.  Citations to page numbers are to the page numbers assigned by the ECF system.

matters to Sujean Park, Pro Bono Coordinator for the Eastern District of California, to confirm

arrangements with a medical expert.  ECF No. 132 at 2; 191 at 2.  Ms. Park has confirmed the

availability of Steven Hugh Mannis, M.D. for appointment as provided by Federal Rule of Civil

Procedure 706.

I.     Appointment of Neutral Expert

Under 28 U.S.C. § 1915, federal courts may permit an indigent party to file suit

without prepaying fees and costs.  That statute does not authorize courts to subsidize expert fees,

however. *Hadsell v. C.I.R.*, 107 F.3d 750, 752 (9th Cir. 1997) (relying on *Tedder v. Odel*, 890

F.2d 210, 211-12 (9th Cir. 1989) (per curiam)).  The court has determined that an independent

medical examination is required in this action. *See* ECF No. 132 at 2; 191 at 2.  While the court

cannot itself pay for the expert, Federal Rule of Evidence 706 authorizes the court to appoint an

expert witness and apportion the fee among the parties.  Where, as here, one party is indigent, the

court has discretion to apportion the entire fee to the other side. *McKinney v. Anderson*, 924 F.2d

1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds by Helling v. McKinney*, 502

U.S. 903 (1991).  Rule 706 allows only for the appointment of a neutral expert.  It does not

provide for the appointment of an expert on plaintiff's behalf. *Gorton v. Todd*, 793 F. Supp. 2d

1171, 1177-78 (E.D. Cal. 2011).

Several factors guide the court's decision whether to appoint a neutral expert.

First, and most importantly, the court considers whether the opinion of a neutral expert will

promote accurate factfinding.  *Id*. at 1179.  Additionally, the court may consider the ability of the

indigent party to obtain an expert and the significance of the rights at stake in the case.  *Id*. at

1182-84.

In this case, the court has concluded that a neutral medical expert is essential for

accurate determination of the current status of plaintiff's physical health, including any current

need for treatment, physical therapy, pain medication or other treatment, in the areas of injury

allegedly sustained by plaintiff that are the subject of plaintiff's September 12, 2011 motion for

/////

/////

preliminary injunction filed in Case No. 2:10-cv-2139 KJM DB P, ECF No. 31, and the operative

complaints in these actions, ECF Nos. 11; 1, including the following:

            a.  The fingers of plaintiff's left hand on which he had surgery in February 2008;

            b.  Plaintiff's lower back;

            c.  Plaintiff's right knee; and

            d.  Plaintiff's neck, back, shoulder, hip, and spinal cord.

        The court is required by orders of the United States Court of Appeals for the Ninth

Circuit to proceed with these actions in spite of plaintiff's mental health status. The court has

twice appointed counsel to represent plaintiff, and subsequently granted meritorious motions to

withdraw. Plaintiff is currently proceeding with this action through a guardian ad litem who has

failed to respond to a court order, *see* ECF Nos. 141; 200, and appears to have abandoned his

responsibilities in this action. In light of the constraints facing plaintiff, the court concludes that

accurate determination of the facts weighs heavily in favor of the appointment of a neutral

medical expert who can examine plaintiff and his medical records and provide opinions on

whether plaintiff's medical treatment has been within the standard of care and whether plaintiff

requires any ongoing medical treatment that he is not receiving. Plaintiff is incarcerated, indigent

and suffering from significant mental illness and therefore faces significant barriers to finding his

own experts. Finally, the Eighth Amendment right to receive adequate medical care is a

significant right. At this juncture, the options for adjudicating this action are extremely limited,

and appointment of a neutral expert will assist the court in evaluating how to proceed. The

circumstances of these cases warrant the appointment of a neutral expert.

    II.     Nature and Scope of Expert Review

        With the assistance of the court's Pro Bono Coordinator, the court has determined

to engage Steven Hugh Mannis, M.D. to act as a neutral expert, and he has agreed. In view of

plaintiff's indigency, the court will exercise its discretion and apportion the costs of Dr. Mannis

entirely to defendants. Although the costs will be apportioned entirely to defendants, Dr. Mannis

shall act as an expert on behalf of the court and not on behalf of any party in these actions.

/////

3

1    Dr. Mannis shall review plaintiff's medical records since January 2007, perform an

2    examination of plaintiff at a time to be determined, and provide a written report to the court

3    discussing whether the medical care provided to plaintiff for the conditions described in this order

4    met the community standard of care. While the court briefly reviews the applicable law below, it

5    expressly does not delegate the court's ultimate legal conclusion to Dr. Mannis.

6    In Case No. 2:08-cv-0593 KJM DB P, plaintiff alleges defendants violated his

7    rights under the Eighth Amendment by requiring him to "push an illegal and unauthorized push-

8    cart weighing in excessive of 100 pounds, while handcuffed and waist restraint, for over . . . a half

9    . . . mile." ECF No. 11 at 14 (verbatim transcription). Plaintiff alleges this caused injury to his

10   lower back, neck, hip and spinal cord and that he suffered "serious pain and discomfort." *Id*.

11   Plaintiff alleges that he was denied medical treatment for these injuries, both when they occurred

12   and as the pain increased over time. *Id*, *passim*. *See also* ECF No. 13 at 7-9.

13   In Case No. 2:10-cv-2139 KJM DB P, plaintiff alleges defendants violated his

14   rights under the Eighth Amendment by (1) delaying removal of sutures following surgery on

15   fingers in his left hand, leading to "the wounds from the surgery heal[ing] around the

16   sutures/stitches, and infection, swelling, discoloration of the skin, lack of movement of the finger

17   joints, yellow pus discharge, pain and suffering," ECF No. 1 at 6; (2) intentionally leaving an

18   "unauthorized" 1 1/2 inch long pin in the fifth finger of his left hand and subsequently refusing to

19   remove it, *id*. at 8; and (3) denying plaintiff's requests for treatment of post-operative pain,

20   excessive swelling and skin discoloration, as well as absence of movement "at the surgery area

21   joint," *id*. at 8-12.

22   Finally, in a motion for preliminary injunction filed in Case No. 2:10-cv-2139

23   KJM DB P, plaintiff alleges he was denied medical treatment for knuckle joint pain in the second

24   and fourth fingers of his left hand, as well as for lower back pain and right knee pain. ECF No.

25   31 at 3.

26   By way of background only, a prison official violates the Eighth Amendment's

27   proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal

28   civilized measure of life's necessities with a "'sufficiently culpable state of mind.'" *Farmer v.*

4

*Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  An

Eighth Amendment claim predicated on the denial of medical care requires a plaintiff to establish

that he had a serious medical need, that the defendants were aware of that need and that their

response to it was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006);

*see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, to prevail, plaintiff must show both

that his medical needs were objectively serious, and that defendant possessed a sufficiently

culpable state of mind.  *Wilson v. Seiter*, 501 U.S. at 297-99; *McKinney v. Anderson*, 959 F.2d

853, 854 (9th Cir. 1992).  A serious medical need is one that significantly affects an individual's

daily activities, an injury or condition a reasonable doctor or patient would find worthy of

comment or treatment, or the existence of chronic and substantial pain. *See, e.g., McGuckin v.*

*Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v.*

*Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (en banc).  A serious medical need exists if the failure

to treat plaintiff's condition could result in further significant injury or the unnecessary and

wanton infliction of pain.  *Jett*, 439 F.3d at 1096.

Deliberate indifference may be shown by the denial, delay or intentional

interference with medical treatment or by the way in which medical care is provided.  *Hutchinson*

*v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison

official must both "be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. at

837.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm

and disregards that risk by failing to take reasonable measures to abate it."  *Id*. at 847.   "[I]t is

enough that the official acted or failed to act despite his knowledge of a substantial risk of serious

harm."  *Id*. at 842.  A physician need not fail to treat an inmate altogether in order to violate that

inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir.

1989).  A failure to competently treat a serious medical condition, even if some treatment is

prescribed, may constitute deliberate indifference in a particular case.  *Id.*  However, it is

important to differentiate common law negligence claims of malpractice from claims predicated

on violations of the Eighth Amendment's prohibition of cruel and unusual punishment.  In

asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 331-32 (9th Cir. 1996); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Evidence that medical caregivers disagreed "as to the need to pursue one course of treatment over another" is also insufficient, by itself, to establish deliberate indifference. *Jackson*, 90 F.3d at 332.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. The court appoints Steven Hugh Mannis, M.D. as a neutral expert to assist the court under Federal Rule of Evidence 706;

    2. The court apportions the cost of the expert to defendants to be split equally among them;

    3. The Clerk of the Court shall send copies of ECF No. 11 in Case No. 2:08-cv-0593 KJM DB P and copies of ECF Nos. 1 and 31 in Case No. 2:10-cv-2139 KJM DB P to Dr. Mannis for his review at the following address:   Steven Hugh Mannis, M.D., 3525 Del Mar Heights Road, Suite 231, San Diego, CA 92130;

    4. Defendants shall take all steps necessary to provide Dr. Mannis with a copy of plaintiff's medical file since January 2007 within fourteen days from the date of this order;

    5. Dr. Mannis shall review the documents forwarded by the Clerk and plaintiff's medical records, perform an examination of plaintiff at a time to be determined, and within 45 days thereafter submit a written report to the court. The report will discuss and evaluate plaintiff's claims that he was denied adequate medical care. Specifically, Dr. Mannis's professional medical opinion is requested as to whether the treatment, or lack thereof, by defendants satisfied the community standard of care and, if it did not, why and how it deviated from that standard. If additional time is necessary to prepare the report, Dr. Mannis may contact the court and arrange for more time; and

/////

1          6.  Dr. Mannis shall send the report once completed to the undersigned at the

2    United States District Court, Eastern District of California, Chambers of Hon. Kimberly J.

3    Mueller, 501 I Street, Sacramento, CA 95814.

4    DATED:  September 11, 2017.

5

6    _____

7                   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28