UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD LEE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WALKER et al,<br><br>Defendants. | No. 2:08-cv-0593 KJM DB P |
| KENNARD LEE DAVIS,<br><br>Plaintiff,<br>v.<br><br>JAMES WALKER et al,<br><br>Defendants. | No. 2:10-cv-2139 KJM DB P<br><br>ORDER |

Plaintiff is a state prisoner, proceeding in forma pauperis with the above civil rights actions under 42 U.S.C. § 1983. Plaintiff is currently proceeding in both actions through a guardian ad litem, Ronnie Tolliver. *See* ECF Nos. 40; 81.[1] On March 22, 2018, plaintiff filed a *pro se* motion in which he asserts, *inter alia*, that Mr. Tolliver is now deceased. ECF Nos. 169; 233. To assist the court in appointing a new guardian ad litem for plaintiff, on March 27, 2018,

---

[1] Throughout this order citations to documents filed in the court's Electronic Case Filing (ECF) system are first to the record in Case No. 2:08-cv-0593 KJM DB and second to the record in Case No. 2:10-cv-2139 KJM DB.

1

the court ordered defendants to file, under seal, a document listing the names and addresses of any and all next of kin or next friend contacts contained in plaintiff's prison records. ECF No. 170; 234. Defendants filed such a document on April 18, 2018. ECF No. 178. Jennifer Brown, plaintiff's ex-wife, was listed on that document, *see id.,* and plaintiff has previously expressed his desire to have Ms. Brown as his new guardian ad litem, ECF Nos. 140; 198. The court has made contact with Ms. Brown through its Pro Bono Coordinator, and is informed that Ms. Brown has agreed to serve as plaintiff's guardian ad litem.

"The federal court may . . . sua sponte appoint a next friend or guardian ad litem on behalf of the minor or incompetent." Capacity to Sue or Defend, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 7-B, citing Fed. R. Civ. P. 17(c)(2); *see Wenger v. Canastota Central School Dist.*, 146 F.3d 123, 125, n.1 (2nd Cir. 1998), *overruled on other grounds by Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007). The court is required to take into account "all factors relevant to the protection of the [incompetent's] interests when selecting a guardian ad litem," but is not required to depend on state law procedures. *Gibbs ex rel. Gibbs v. Carnival Cruise Lines*, 314 F.3d 125, 129 (3rd Cir. 2002); *see also Estate of Escobedo v. City of Redwood City*, No. C03-03204 MJJ, 2006 WL 571354, at *7 (N.D. Cal. Mar. 2, 2006).

The undersigned has considered the defendants' list of plaintiff's next of kin, plaintiff's motion to replace his guardian ad litem, the procedural posture and history of this case, and the willingness of Ms. Brown to serve. Good cause appearing, the undersigned appoints Jennifer Brown, 2494 East Del Rio Court, Gilbert, Arizona 85295, as plaintiff's guardian ad litem. The court requests that the Pro Bono Program Coordinator identify counsel to provide an initial limited representation of Ms. Brown for the purposes of advising her regarding the posture of this case and possible steps going forward, including but not limited to participation in a court-convened settlement conference. The Coordinator shall provide the name of that counsel as promptly as possible. Once counsel is identified, the court anticipates scheduling a telephonic status conference with counsel and the guardian ad litem, as well as defense counsel.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Jennifer Brown, ex-wife of plaintiff, is appointed to serve as guardian ad litem on plaintiff's behalf.

2. The Court's Pro Bono Coordinator is requested to identify counsel for the limited purpose of advising Ms. Brown as contemplated by this order, as promptly as possible.

3. The Clerk of the Court is directed to serve a copy of this order on:

Jennifer Brown

2494 East Del Rio Court,

Gilbert, AZ 85295.

SO ORDERED.

DATED: September 20, 2018.

_____
UNITED STATES DISTRICT JUDGE