1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   KENNARD LEE DAVIS,                    No.  2:08-cv-0593-KJM-DB P

11            Plaintiff,

12        v.

13   JAMES WALKER, et al.,

14            Defendants.

15

16   KENNARD LEE DAVIS,
                                          No.  2:10-cv-2139-KJM-DB P
17            Plaintiff,
          v.
18                                        ORDER
     JAMES WALKER, et al.,
19
              Defendants.
20

21            Plaintiff is a state prisoner, proceeding in forma pauperis with the above civil

22   rights actions under 42 U.S.C. § 1983.  On September 21, 2018, the court appointed Jennifer

23   Brown to serve as guardian ad litem on plaintiff's behalf, ECF No. 255,[1] and appointed Donald

24   Aquinas Lancaster, Jr. as limited purpose counsel for Ms. Brown on October 3, ECF No. 258.

25   Due to Ms. Brown's apparent abandonment of her responsibilities as plaintiff's guardian ad litem,

26   the court finds it necessary to appoint plaintiff a new guardian ad litem, Tiffany Starcevich.

27

28   _____
     [1] All ECF citations refer to the docket in case number 2:10-cv-2139-KJM-DB P.

                                          1

1    I.    BACKGROUND

2            The court held a telephonic status conference on December 13, 2018; Donald

3    Lancaster, Jr. appeared on behalf of guardian ad litem Jennifer Brown, Chad Couchot appeared

4    on behalf of defendant Robert Allen Haynes, and Matthew Wilson appeared on behalf of the

5    remaining defendants.  ECF No. 282.  Mr. Lancaster raised the issue that he has been unable to

6    contact Ms. Brown, and the court directed him to submit a status report outlining his attempts to

7    contact her, to assist the court in deciding whether it is necessary to appoint plaintiff a new

8    guardian ad litem.  ECF No. 282.  Soon after, Mr. Lancaster filed a notice stating he had

9    attempted to telephone Ms. Brown on two separate occasions, but, presumably because her

10    voicemail was full, her mobile telephone automatically disconnected.  ECF No. 285.  Mr.

11    Lancaster also sent Ms. Brown a text message but did not receive a response.  *Id.*  Additionally,

12    Mr. Lancaster reported that "[o]n or about December 07, 2018, Tiffany Starcevich ("Ms.

13    Starcevich"), daughter-in-law to Mr. Davis, telephoned [Mr. Lancaster] and represented that Mr.

14    Davis requested that she serve as his Guardian ad Litem."  *Id.*  Mr. Lancaster attached to the

15    notice a copy of an email he received from Ms. Starcevich in which she states she is plaintiff's

16    daughter-in-law and she maintains consistent communication with him.  ECF No. 285-1.  She

17    also explains that plaintiff asked her to serve as his guardian ad litem and she is willing to do so.

18    *Id.*

19    II.    DISCUSSION

20            "The federal court may . . . sua sponte appoint a next friend or guardian ad litem

21    on behalf of the minor or incompetent."  Capacity to Sue or Defend, Rutter Group Prac. Guide

22    Fed. Civ. Pro. Before Trial Ch. 7-B(3) (citing Fed. R. Civ. P. 17(c)(2)); *see Wenger v. Canastota*

23    *Central School Dist.*, 146 F.3d 123, 125 & n.1 (2nd Cir. 1998), *overruled on other grounds by*

24    *Winkelman v. Parma City School Dist.*, 550 U.S. 516 (2007).  The court is required to take into

25    account "all factors relevant to the protection of the [incompetent's] interests when selecting a

26    guardian ad litem," but is not required to depend on state law procedures.  *Gibbs ex rel. Gibbs v.*

27    *Carnival Cruise Lines*, 314 F.3d 125, 129 (3rd Cir. 2002); *see also Estate of Escobedo v. City of*

28    *Redwood City*, No. C03-03204 MJJ, 2006 WL 571354, at *7 (N.D. Cal. Mar. 2, 2006).

1    Here, Ms. Brown appears to have abandoned her duties as a guardian ad litem, and

2    the court is entitled to replace her. *See Fong Sik Leung v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955)

3    ("As an officer of the court the guardian ad litem has full responsibility to assist the court 'to

4    secure the just, speedy and inexpensive determination' of the action. The court has inherent

5    power to require its appointed officers to render such assistance. No representative of the court

6    . . . has any right to continue in such capacity while hindering ascertainment of truth . . . .").

7    The undersigned has considered plaintiff's stated preferences, communicated

8    through his filings,[2] the statements of counsel for the current guardian ad litem, Mr. Lancaster,

9    and the apparent willingness of Ms. Starcevich to serve in this role. Good cause appearing, the

10   undersigned appoints Tiffany Starcevich, 3013 E. Beardsley Road, Phoenix, Arizona 85050, as

11   plaintiff's guardian ad litem.

12   Additionally, the undersigned finds that the appointment of counsel is warranted

13   for an initial limited representation of the new guardian ad litem, Ms. Starcevich, for the purposes

14   of advising her regarding the posture of this case and possible steps going forward, including but

15   not limited to participation in a court-convened settlement conference. Donald Aquinas

16   Lancaster, Jr. was previously selected from the court's pro bono attorney panel to represent

17   Ms. Brown for such limited purpose, and the court understands Mr. Lancaster is prepared to now

18   represent Ms. Starcevich in the same manner.

19   Accordingly, IT IS HEREBY ORDERED that:

20   1. Tiffany Starcevich, daughter-in-law of plaintiff, is appointed to serve as

21   guardian ad litem on plaintiff's behalf.

22   2. Donald Aquinas Lancaster, Jr. is appointed as limited purpose counsel on

23   behalf of plaintiff's new guardian ad litem in the above-entitled matters. Such appointment is for

24   the limited purpose of advising the new guardian ad litem regarding the posture of this case and

25   ///

26
27   [2] Although the court has notified plaintiff that his pro se filings will be disregarded due to the appointment of a guardian ad litem and counsel, *see* ECF No. 257, the court is not blind to the fact that plaintiff has requested his guardian ad litem be replaced by Ms. Starcevich, ECF No.
28   279.

1    possible steps going forward, including but not limited to participation in a telephonic status

2    conference to be held on February 28, 2019, at 2:30 p.m.

3            3.  Appointed counsel shall notify Sujean Park at (916) 930-4278, or via email at

4    spark@caed.uscourts.gov if he has any questions related to the appointment.

5            4.  The Clerk of the Court shall take all steps necessary to make the record in the

6    above actions available to Mr. Lancaster. Any documents filed under seal shall be produced to

7    Mr. Lancaster subject to a protective order limiting the use of those documents to attorneys-eyes

8    only absent further order of court.

9            5.  The Clerk of the Court is directed to serve a copy of this order on:

10    Tiffany Starcevich

11    3013 E. Beardsley Road,

12    Phoenix, Arizona 85050.

13    SO ORDERED.

14    DATED:  January 29, 2019.

15

16                                      UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

4