UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD LEE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WALKER, et al.,<br><br>Defendants. | No. 2:08-cv-00593-KJM-DB |
| KENNARD LEE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WALKER et al.,<br><br>Defendants. | No. 2:10-cv-2139-KJM-DB<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brought both these civil rights actions under 42 U.S.C. § 1983. Mr. Davis's guardian ad litem and pro bono counsel each move to withdraw in each of the above cases.

/////

/////

1

I.  BACKGROUND

In plaintiff's habeas case, the court issued an order finding plaintiff incompetent due to mental illness. *See* Case No. 2:08-cv-00593,[1] ECF No. 28, at 2 (citing ECF No. 169, Case No. CV 06-4744-AHM (MLG) (C.D. Cal.)). When Mr. Davis filed a request for a guardian ad litem in these cases, the magistrate judge took judicial notice of that order. *Id.* at 2. Nevertheless, the court could not find an appropriate guardian ad litem for Mr. Davis, so the magistrate judge recommended both cases be stayed. *Id.* at 3. This court adopted those findings and stayed the case "until either party files a motion to lift the stay accompanied by evidence that plaintiff has been found to be restored to competency." ECF No. 30 at 3.

Mr. Davis appealed the order and the Ninth Circuit reversed, holding that the court's order staying the case "was not an 'appropriate order' to fulfill its mandate to protect Davis's interests" as required under Federal Rule of Civil Procedure 17(c)(2).[2] *Davis v. Walker*, 745 F.3d 1303, 1311 (9th Cir. 2014). The Ninth Circuit found the court was required to do more to protect Mr. Davis's interests, suggesting a list of steps the court could take to that end. *Id.* (suggesting, for example, "the court could have sought counsel, made inquiry of the bar associations, or inquired as to whether law schools that may have clinical programs or senior centers with social workers would be willing to undertake the necessary representation." (internal citations and quotation marks omitted)).

After the case was remanded, the magistrate judge appointed a guardian ad litem, Ronnie Tolliver, and counsel for plaintiff. ECF Nos. 40, 41. Five months later, in April 2015, counsel moved to withdraw, and the court granted his motion. ECF Nos. 43, 45. In March 2016, a new counsel was appointed to represent plaintiff. ECF No. 51. In April, Mr. Davis notified the

---

[1] For ease of reference, all citations are to plaintiff's 2008 case. For every filing cited herein, an equivalent filing was made on the same date in plaintiff's other case, Case No. 2:10-cv-2139-KJM-DB.

[2] "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

2

court of a conflict of interest with his appointed counsel, ECF No. 55, and that counsel moved to withdraw soon thereafter, explaining, "Mr. Davis has falsely alleged misconduct against counsel, claiming a conflict and demanding that I be removed as counsel from all of his cases," ECF No. 61 at 2. The court granted the motion to withdraw. ECF No. 71.

In May 2017, the undersigned ordered plaintiff's mental health clinician to file a report on the current status of plaintiff's mental health. ECF No. 132. Plaintiff's physician at CDCR provided the court with an extensive report on Mr. Davis's mental health; most notably, he reported that Mr. Davis has a diagnosis of Schizoaffective Disorder, Bipolar Type; Antisocial Personality Disorder; and Polysubstance Dependence, and that his "current problems" include depression, anxiety, auditory hallucinations and paranoid ideations. ECF No. 143 ¶¶ 5–8. In response, the court ordered a neutral expert to review plaintiff's medical record, perform an examination of plaintiff, and advise the court on whether the medical care provided to plaintiff for the injuries cited in his complaint met the community standard of care. ECF No. 154 at 4. The neutral expert submitted a report after reviewing plaintiff's medical file, and concluded Mr. Davis's care was adequate. *See* Sealed Event, ECF No. 181. Because Mr. Davis refused to be examined in person, the expert was unable to determine plaintiff's current neurological function. *Id.*

After it became apparent Mr. Davis's guardian ad litem Ronnie Toliver had abandoned his responsibilities and, according to Mr. Davis, was no longer living, the court appointed a new guardian ad litem, Jennifer Brown, ECF No. 184, and pro bono counsel, Donald Lancaster, to represent Ms. Brown, ECF No. 187, in September and October 2018, respectively. Soon after, Mr. Davis filed no less than eighteen motions regarding his guardian ad litem, the latest requesting the court replace Jennifer Brown with Tiffany Starcevich. *See* ECF Nos. 190–205, 207–08. After a status conference with counsel for all parties, the court appointed Tiffany Starcevich as plaintiff's guardian ad litem and Mr. Lancaster to represent Ms. Starcevich. ECF Nos. 211, 218. Mr. Davis continued to file motions pro se, including a notice to the court in which he alleged that Ms. Starcevich had abandoned her responsibilities as his guardian ad item and was refusing to communicate with him. ECF No. 224.

After two more status conferences, ECF Nos. 221, 227, the court facilitated a phone call off the record between plaintiff, counsel and Ms. Starcevich, ECF No. 229. After the phone call took place, Mr. Davis filed a motion for a preliminary injunction in which he expressed his suspicion of Mr. Lancaster, alluding to his ethnicity, and accused him of failing to follow up on Mr. Davis's filings. *See* ECF No. 232 at 2–3.

On May 17, 2019, the court held a status conference during which Ms. Starcevich and Mr. Lancaster explained to the court that Mr. Davis was extremely resistant to their participation in his case, and their lines of communication with plaintiff had essentially closed. *See* ECF No. 237. Soon thereafter, Ms. Starcevich filed a motion to withdraw as guardian ad litem and Mr. Lancaster filed a motion to withdraw as attorney, which are presently before the court. ECF No. 238. Mr. Davis has opposed and filed a premature motion for reconsideration. ECF Nos. 242, 243.[3]

## II. DISCUSSION

### A. Withdrawal of Guardian ad Litem

In *Adamson v. Hayes*, 709 F. App'x 853, 855 (9th Cir. 2017), the Ninth Circuit provided a framework for cases like this one, involving both a motion to withdraw as guardian ad litem and a motion to withdraw as counsel that would leave an incompetent plaintiff *in propria persona*. There, the court affirmed the district court's grant of the guardian ad litem's motion to withdraw after plaintiff "accused [the guardian] of fraud and other misconduct and asked that he be replaced." *Id.* Here, Mr. Davis has made it clear through his notice to the court, ECF No. 224, that he no longer approves of Ms. Starcevich serving as his guardian ad litem. *See also* Demand for Jury Trial without Counsel and Guardian ad Litem appointed, ECF No. 223 at 2 (requesting court set trial date "without any Guardian ad Litem appointments . . . ."). In Ms. Starcevich's

---

[3] The crux of Mr. Davis's opposition to the motions to withdraw is that the motions are based on impermissible hearsay. *See* Opp'n, ECF No. 242, at 2. The motions are based on signed declarations of Ms. Starcevich and Mr. Lancaster, which report statements made by Mr. Davis, a party in this case. *See* ECF Nos. 238-1, 238-2. Because the statements by Mr. Davis can be considered admissions by a party-opponent for the purpose of this motion, they fall under the Federal Rule of Evidence 801(d)(2) exclusion and are not hearsay. Mr. Davis's argument is unavailing.

4

declaration attached to her motion to withdraw, she explains that Mr. Davis has been "oppositional" towards her and counsel, such that she "cannot properly render[] representation to him." ECF No. 238-1 ¶ 5. Furthermore, she states Mr. Davis instructed her not to communicate with anyone on his behalf about the case, and "expressly stated" that he believes she does not "represent his interests or know his cases sufficiently to provide representation." *Id.* ¶¶ 2–3. At the court's May 17, 2019 status conference, Mr. Lancaster voiced similar concerns on behalf of Ms. Starcevich, citing her inability to effectively communicate with Mr. Davis and Mr. Davis's unwillingness to enable her to assist at this stage. Based on Ms. Starcevich's declaration, Mr. Lancaster's representations made at the status conference, and Mr. Davis's own notice to the court, the court finds Ms. Starcevich is unable to continue to protect the interests of Mr. Davis in this action. Therefore, her motion to withdraw as guardian ad litem is GRANTED. *See Adamson v. Hayes*, No. 2:05-CV-02286 JWS, 2012 WL 4120403, at *4 (D. Ariz. Sept. 18, 2012) (granting motion to withdraw on the basis that "it is impossible for [the guardian] to continue to protect the interests of [plaintiff]"), *aff'd in relevant part*, 709 F. App'x 853 (9th Cir. 2017).

Like the court in *Adamson v. Hayes*, this court also finds it is highly unlikely another person will be willing to serve as guardian ad litem, because of Mr. Davis's treatment of Ms. Starcevich, as evidenced by his notice to the court regarding her abandonment, ECF No. 224, Ms. Starcevich's declaration, ECF No. 238-1, and the history of appointments in this case. *See* 709 F. App'x at 855 (finding district court did not abuse its discretion "in failing to appoint a new guardian ad litem on the basis that, given Adamson's treatment of the first guardian, it would be impossible to find another person willing to serve as his guardian").

B. <u>Withdrawal of Counsel</u>

In *Adamson* the court also affirmed the district court's grant of counsel's motion to withdraw because "the court conducted an adequate inquiry" and "the record showed that the attorney-client relationship had broken down" *Id.* (citing *United States v. McKenna*, 327 F.3d 830, 843 (9th Cir. 2003) (addressing motion for substitution of counsel in a criminal case); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that, generally, a person has no right to counsel in a civil action)). Here, Mr. Davis has expressed he no longer wishes to be

5

represented by Mr. Lancaster. *See* Demand for Jury Trial Without Counsel and Guardian ad Litem Appointed, ECF No. 223 at 2 (requesting court set trial date "without any counsel or attorney . . . ."). In their sworn declarations, Mr. Lancaster and Ms. Starcevich each explain that Mr. Davis has refused to allow Ms. Starcevich to follow the advice of counsel. ECF Nos. 238-1 ¶ 2 & 238-2 ¶ 3. Furthermore, Ms. Starcevich has explained Mr. Davis is "oppositional" towards Mr. Lancaster and has expressed that Mr. Lancaster cannot represent Mr. Davis's interests. ECF No. 238-1 ¶¶ 3, 5. As in *Adamson*, plaintiff has not "established any fraud on the district court," and the court has no reason to doubt the contents of the sworn declarations of Ms. Starcevich and Mr. Lancaster. *See* Opp'n, ECF No. 242; Mot. for Reconsideration and Objs., ECF No. 243; *Adamson*, 709 F. App'x at 855 (citing *Hendricks & Lewis PLLC v. Clinton*, 766 F.3d 991, 1000 (9th Cir. 2014) (holding that the court of appeals has equitable power to vacate a judgment obtained by fraud); *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011) (holding that a fraud on the court must be established by clear and convincing evidence)). Based on this record, the court finds the attorney-client relationship has, indeed, broken down, and Mr. Lancaster has shown good cause to grant his motion to withdraw as counsel. *See Gong v. City of Alameda*, No. C 03-05495 TEH, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (granting motion to withdraw because "attorney-client relationship [had] obviously broken down, making it unreasonably difficult for [counsel] to continue representing Plaintiffs"). Accordingly, Mr. Lancaster's motion to withdraw as counsel is GRANTED.

For the same reasons discussed above, it would be futile to appoint another pro bono counsel or guardian ad litem to represent Mr. Davis. As in *Adamson,* the court has now "appointed counsel three previous times." 709 Fed. App'x at 855. Furthermore, given Mr. Davis's accusations against his second counsel, *see* ECF No. 61, and his rebuke of Mr. Lancaster, *see* ECF No. 238-1 ¶¶ 3, 5, it is "unlikely that another competent attorney would agree to represent him." *Adamson*, 709 Fed. App'x at 855. Accordingly, the court declines to appoint a fourth pro bono counsel.

/////

/////

6

C. Disposition of the Case

Because the court is not appointing a new guardian ad litem or a new counsel, Mr. Davis's cases cannot go forward and "any resolution on the merits [is] unlikely," because Mr. Davis has been found incompetent and cannot pursue his case pro se. *Id.* at 856. The court has followed the Ninth Circuit's guidance in *Adamson* and *Davis* and undertaken "extensive efforts to enable [plaintiff] to proceed despite his incompetency," *id.*, including appointing three different guardians ad litem, *see* ECF Nos. 40, 184, 218, and three different pro bono counsel, all of whom ultimately withdrew as counsel, *see* Mots. to Withdraw, ECF Nos. 43, 61, 238. In light of these efforts, the court finds it is left with no option but to follow the Ninth Circuit's direction in *Adamson* and administratively close both cases for as long as Mr. Davis remains incompetent.

Accordingly case number 2:08-cv-00593-KJM-DB and case number 2:10-cv-2139-KJM-DB are hereby ADMINISTRATIVELY CLOSED pending Mr. Davis's return to competency. *Adamson*, 709 F. App'x at 855–56 (reversing district court's dismissal of plaintiff's claims and concluding "administrative closure, pending [plaintiff]'s restoration to competency, is a more appropriate disposition").

All pending motions are denied.

IT IS SO ORDERED.

DATED: July 30, 2019.

_____
UNITED STATES DISTRICT JUDGE