1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNARD DAVIS,                           No.  2:08-cv-0593 KJM DB

12                  Plaintiff,

13        v.

14   JAMES WALKER, et al.,

15                  Defendants.

16

17   KENNARD DAVIS,                           No.  2:10-cv-2139 KJM DB

18                  Plaintiff,

19        v.

20   JAMES WALKER, et al.,                    ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
21                  Defendants.

22

23

24        Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.

25   Before the court are a number of motions plaintiff filed pro se over the last two years.  This court

26   has reviewed each motion.  They fall into four categories:  (1) motions to regain competency

27   ////

28

                                    1

status and be permitted to proceed pro se (ECF Nos. 248, 249, 258, 263, 264, 271[1]); (2) motions for a scheduling or status conference (ECF Nos. 263, 265, 266, 267); (3) motions to reinstate previously stricken or denied motions (ECF Nos. 263, 280); and (4) motions for a settlement conference (ECF No. 268).  For the reasons set forth below, this court will: (1) require plaintiff's mental health clinicians to submit a report on the status of plaintiff's mental health; (2) deny plaintiff's motions for a scheduling or status conference; and (3) deny plaintiff's motions for a settlement conference.  In addition, this court will recommend that plaintiff's motions to reinstate prior motions be denied.

## BACKGROUND

In 2011, a judge in the Central District of California found plaintiff incompetent to proceed with his habeas corpus action pending in that court.  See Davis v. Malfi, No. CV 06-4744-AHM (MLG) (C.D. Cal.) (ECF No. 169).  When plaintiff filed a request for a guardian ad litem in the present cases in this court, the previously-assigned magistrate judge took judicial notice of that order.  (See ECF No. 28 at 2.)  Plaintiff has been considered incompetent to proceed independently in the present cases since then.  From this court's review of the record, as summarized briefly below, it does not appear that plaintiff challenged his incompetency status until fairly recently.

On May 18, 2017, Chief Judge Mueller found appointment of an expert necessary to opine on the care plaintiff was receiving for his physical health.  (ECF No. 132.)  That health care is the basis for some of plaintiff's claims.

////

---

[1] Plaintiff makes essentially the same allegations regarding his medical care, among other things, in the two cases covered by this order and, with few exceptions, files the same documents in both cases.  Therefore, the court has and will continue to issue the same orders in both cases.  The electronic filing numbers in the text refer to the docket in the 2008 case.  The same or related motions filed in the 2010 case are:  (1) motions to regain competency status and be permitted to proceed pro se (ECF Nos. 334, 340, 342, 345, 349); (2) motions for a scheduling or status conference (ECF Nos. 340, 341, 343, 351, 352); (3) motions to reinstate previously stricken or denied motions (ECF Nos. 340, 356); and (4) motions for a settlement conference (ECF Nos. 344, 350).  For ease of reference, in the remainder of this order this court cites to the electronic filing numbers for documents in the 2008 case.

1    Also in the May 18, 2017 order, Chief Judge Mueller required that:

2        [P]laintiff's mental health clinicians shall file a report on the current
         status of plaintiff's mental health, including but not limited to
3        whether he is currently under a *Keyhea*[] order for involuntary
         medication, his current Mental Health Services Delivery System
4        designation (CCCMS, EOP, or inpatient), his most recent mental
         health inpatient hospitalization, his mental health prognosis, and any
5        other matters relevant to plaintiff's ability to litigate this action.

6    (ECF No. 132 (footnote omitted).)

7        On June 30, 2017, prison psychologist S. Bahro filed a statement regarding plaintiff's

8    mental health in response to Chief Judge Mueller's May 18, 2017 order.  (ECF No. 143.)  Among

9    other things, Dr. Bahro provided plaintiff's then-current mental health diagnoses and labeled

10   plaintiff's prognosis as "fair to poor."  Dr. Bahro concluded that plaintiff's "ability to

11   meaningfully litigate for himself is extremely impaired due to his paranoid ideations, anger,

12   aggression, poor judgment, impulsivity, and lack of self-control."

13       On September 12, 2017, Chief Judge Mueller appointed Steven Hugh Mannis, M.D. to

14   review the care plaintiff was receiving for his physical health.  (See ECF No. 154; see also ECF

15   No. 132.)  Dr. Mannis was ordered to review plaintiff's filings in these cases, review his medical

16   records, interview plaintiff, and submit a report to the court.  In March 2018, Dr. Mannis filed a

17   report under seal. (ECF No. 181.)  Dr. Mannis based his opinions on plaintiff's medical records

18   from 2004-2017.  He was not, however, able to interview plaintiff because plaintiff refused to

19   permit him to do so.  (See ECF No. 161.)

20       It does not appear from the record that the court directly addressed plaintiff's competency

21   after receiving the June 2017 report from Dr. Bahro or that plaintiff sought to be restored to

22   competency status.  Plaintiff continued to be considered incompetent as illustrated by the court's

23   March 27, 2018 order in which it took steps to appoint a new guardian ad litem ("GAL") for

24   plaintiff.  (ECF No. 170; see also ECF No. 184 (Sept. 21, 2018 order appointing GAL); ECF No.

25   218 (Jan. 30, 2019 order appointing new GAL).)

26       On July 31, 2019, Chief Judge Mueller administratively closed these cases pending

27   plaintiff's return to competency.  (ECF No. 244.)  Plaintiff appealed that ruling and also filed

28   numerous motions in this court to be restored to competency status and permitted to proceed pro

                                          3

1   se.  Chief Judge Mueller stayed consideration of those motions based on the pendency of

2   plaintiff's appeal.  (ECF No. 259.)

3          On April 12, 2022, the Ninth Circuit Court of Appeals issued an order affirming Chief

4   Judge Mueller's decision to close these cases and remanding them for consideration of plaintiff's

5   pending pro se motions to be restored to competency status.  (ECF No. 261.)  The Ninth Circuit

6   issued its mandate on May 27, 2022.  (ECF No. 262.)

7          Recently, Chief Judge Mueller reopened these cases and referred all pending motions to

8   the undesigned magistrate judge.  (ECF Nos. 275 and 278 in 2008 case; ECF Nos. 337, 347, and

9   348 in 2010 case.)

10          In his motions to be restored to competency status, plaintiff contends a Ninth Circuit order

11   issued October 15, 2020 recognized that he was competent to proceed pro se.  (See ECF Nos.

12   248, 249, 258.)  In addition, in the motion filed here on February 1, 2021, plaintiff alleged that in

13   August 2020, the Keyhea order, pursuant to which he had been involuntarily medicated, was not

14   reinstated.  (ECF No. 258.)  In his motions for a status conference and for a settlement

15   conference, plaintiff indicates he wishes to discuss the issue of his competency.

16                                                    **DISCUSSION**

17   **I. Motions to Restore Competency Status**

18          Initially, this court notes that plaintiff's claim that the Ninth Circuit found him competent

19   is not supported by the record.  Based on plaintiff's objection to the Ninth Circuit's attempt to

20   appoint counsel for him, the Court of Appeals issued a brief order in which it vacated the order

21   for appointment of counsel and permitted plaintiff to proceed pro se in his appeal.  (Ninth Circuit

22   Case Nos. 19-16616 and 19-16617 (Oct. 15, 2020 Order).)  The Court of Appeals rendered no

23   opinion as to plaintiff's competency and has referred that issue to this court.  (See id. and ECF

24   Nos. 261, 262 (Court of Appeal's remand to this court for consideration of plaintiff's motions to

25   regain his competency status).)  Accordingly, the issue of plaintiff's competency to proceed pro

26   se remains an open question.  This court finds a report from plaintiff's mental health clinicians is

27   ////

28   ////

                                                         4

the appropriate first step to consider plaintiff's motions to regain his competency status.[2]  After

receipt of that report, this court will consider the next steps for these proceedings.

**II.  Motions for Scheduling/Status Conference**

Plaintiff states that he seeks a scheduling or status conference to discuss the Ninth

Circuit's remand of these cases.  The Circuit's remand directed the district court to consider

plaintiff's pending motions to regain competency.  As discussed in the prior section, this court is

starting the process to consider those motions and finds that a scheduling or status conference is

premature at this time.  Therefore, plaintiff's motions for a scheduling or status conference will be

denied.  After receipt of the report from plaintiff's mental health clinicians, this court will

determine the next steps, including whether a status or scheduling conference is necessary.

**III.  Motions for Settlement Conference**

Until the court determines whether plaintiff is competent to represent himself, a settlement

conference is premature.  Plaintiff's request for a settlement conference at this time will be

denied.

**IV.  Motions to Reinstate Previously Stricken or Denied Motions**

Plaintiff filed two very brief requests that the court "reinstate" motions that were

previously stricken or denied.  In his first request, plaintiff simply asks the court to reinstate "all

previous pro-se filed motion[s] that were pending, disregarded, and/or stricken denied."  (ECF

No. 263.)  In his second request, plaintiff refers to the motions denied in an order filed July 31,

2019.  (ECF No. 280.)  In that order, Chief Judge Mueller administratively closed these cases and

denied "all pending motions."

Plaintiff essentially seeks reconsideration of previously stricken or denied pro se motions.

There are many such motions.  In 2018 alone, plaintiff filed over twenty pro se motions.  To

support a motion for reconsideration, a party must identify the motion and explain why

reconsideration is justified. E.D. Cal. R. 230(j).  Plaintiff does neither.  Plaintiff fails to identify

each motion he seeks to reinstate and fails to provide any reason justifying reconsideration of that

---

[2] This court will order the clinicians to provide the same information on plaintiff's current mental health that Chief Judge Mueller required in 2017 for his then-current mental health.

specific motion.  Plaintiff's motions to reinstate previously stricken or denied motions should be denied.

**V.  Caution Regarding Excessive Motions**

Plaintiff has repeatedly filed motions that are essentially identical.  For example, on November 28, 2022, plaintiff filed four separate motions in his 2010 case.  (ECF Nos. 349, 350, 351, 352.)  Each of those motions repeated requests plaintiff made in at least one prior, recent motion.  Plaintiff is formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court if the court determines he has filed excessive motions in a pending action.  DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989).  This court views the number of motions filed to date as excessive.  Plaintiff must exercise appropriate restraint by limiting the number of motions he files and refraining from filing duplicative motions.  If plaintiff fails to do so, this court may recommend sanctions be imposed on plaintiff, which could include dismissal of the present cases.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1.  Within thirty days of the filed date of this order, plaintiff's mental health clinicians shall file a report on the current status of plaintiff's mental health, whether he is currently under a Keyhea order for involuntary medication, his current Mental Health Services Delivery System designation (CCCMS, EOP, or inpatient), his most recent mental health inpatient hospitalization(s), his mental health prognosis, and any other matters relevant to plaintiff's ability to litigate this action.

2.  Plaintiff's motions in case no. 2:08-cv-0593 KJM DB P for a scheduling or status conference (ECF Nos. 263, 265, 266, 267) are denied.

3.  Plaintiff's motions in case no. 2:10-cv-2139 KJM DB P for a scheduling or status conference (ECF Nos. 340, 341, 343, 351, 352) are denied.

4.  Plaintiff's request in case no. 2:08-cv-0593 KJM DB P for a settlement conference (ECF No. 268) is denied.

5.  Plaintiff's requests in case no. 2:10-cv-2139 KJM DB P for a settlement conference (ECF Nos. 344, 350) are denied.

Further, IT IS RECOMMENDED that:

1. Plaintiff's motions in case no. 2:08-cv-0593 KJM DB P to reinstate prior motions (ECF Nos. 263, 280) be denied.

2. Plaintiff's motions in case no. 2:10-cv-2139 KJM DB P to reinstate prior motions (ECF Nos. 340, 356) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 5, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/davi0593&2139.reopen re comp

7