UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>   Plaintiff,<br><br> v.<br><br>JAMES WALKER, et al.,<br><br>   Defendants.<br> | No. 2:08-cv-0593 KJM DB |
| KENNARD DAVIS,<br><br>   Plaintiff,<br><br> v.<br><br>JAMES WALKER, et al.,<br><br>   Defendants. | No. 2:10-cv-2139 KJM DB<br><br><br><br><br><u>ORDER</u> |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]

---

[1] Plaintiff makes essentially the same allegations regarding medical care, among other things, in the two cases covered by this order and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue the same orders in both cases. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

////

1

Pending before this court are plaintiff's motion to be reinstated to competency status (ECF No. 271); motions to appoint an expert (ECF Nos. 294, 303, 304); motions to depose the author of the recently filed report regarding plaintiff's mental status (ECF Nos. 298, 302); and motion to unseal the report of Dr. Mannis filed in these proceedings on March 19, 2018 (ECF No. 299).

The background of proceedings regarding plaintiff's competency and his representation in the present actions is set out in this court's January 6, 2023 order and will not be repeated here. (See ECF No. 281.) The issue currently before the court is whether or not plaintiff should be declared competent to represent herself[2] in this case. In the January 6 order, this court directed plaintiff's mental health clinicians to "file a report on the current status of plaintiff's mental health, whether he is currently under a Keyhea order for involuntary medication, his current Mental Health Services Delivery System designation (CCCMS, EOP, or inpatient), his most recent mental health inpatient hospitalization(s), his mental health prognosis, and any other matters relevant to plaintiff's ability to litigate this action." On June 6, 2023, defendants' counsel filed a declaration of Stephanie Neumann, M.D., CDCR's Regional Administrator of the Statewide Mental Health Program-Region II, in response to this court's order.

This court finds a response from defendants is the appropriate next step in addressing plaintiff's motion to be returned to competency status. In addition to addressing the merits of plaintiff's motion, defendants shall propose a roadmap for going forward. Plaintiff will be permitted to file a reply, if she wishes. This court will consider plaintiff's remaining motions after receiving briefing on plaintiff's motion to be reinstated to competency status.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that

1. Within twenty days of the date of this order, defendants shall file a response to plaintiff's motion to be restored to competency status. That response shall include a proposed roadmap for resolution of the competency issue.

////

////

---

[2] In the recent mental health report, the author indicated that plaintiff uses she/her pronouns. If that does not reflect plaintiff's wishes, she shall so inform the court.

2. Within twenty days after service of defendants' response, plaintiff may file a reply.

Dated: June 29, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/R/davi0593&2139.brfing re comp

3