UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES WALKER, et al.,<br><br>　　　　　Defendants.<br>_____<br><br>KENNARD DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES WALKER, et al.,<br><br>　　　　　Defendants. | No.  2:08-cv-0593 KJM DB<br><br><br><br><br><br><br><br>No.  2:10-cv-2139 KJM DB<br><br><br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

1  On September 1, 2023, the magistrate judge filed findings and recommendations, which were served on the parties, and which contained notice to the parties that any objections to the findings and recommendations were to be filed within twenty one days.  F&R, ECF No. 318. Plaintiff has filed objections to the findings and recommendations.  ECF No. 319.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.  The court takes note of the severity of plaintiff's claims that she is being sexually stalked and physically harassed due to her identity as a transgender woman.  ECF No. 321 at 4.[2]  But as discussed by the magistrate judge, F&R at 5, these claims differ from the claims plaintiff brings in her original complaint, *see generally* First Am. Compl. (FAC), ECF No. 11 (asserting claims of excessive force, destruction of legal documents, denial of adequate medical care, and retaliation). Because plaintiff's complaint does not contain any allegations regarding stalking, retaliation, or destruction of legal documents due to her identity as a transgender woman, the court may not issue the requested injunction here.  *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").  To obtain the relief requested, plaintiff may seek to amend her complaint to bring these additional claims against defendants, if possible, or bring a new action against defendants.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed September 1, 2023 in case no. 2:08-cv-0593 KJM DB P (ECF No. 318) and in case no. 2:10-cv-2139 KJM DB P (ECF No. 396) are adopted in full;

2. Plaintiff's objections in case no. 2:08-cv-0593 KJM DB P (ECF No. 310) and in case no. 2:10-cv-2139 KJM DB P (ECF No. 388) to the magistrate judge's July 11, 2023 order are

---

[1] Because plaintiff's filings in both cases are nearly identical, the court will cite to filing numbers in case 08-593 unless otherwise noted.
[2] Plaintiff appears to have first identified as transgender in court documents in this case on or around the time she filed her motion for a preliminary injunction in June 2023.  ECF No. 306.

sustained with respect to plaintiff's request that Dr. Mannis be removed from the service list for this case. In all other respects, plaintiff's objections are overruled.

3. Plaintiff's motions to have Dr. Mannis removed from the service list in case no. 2:08-cv-0593 KJM DB P (ECF No. 300) and in case no. 2:10-cv-2139 KJM DB P (ECF No. 376) are granted. The Clerk of the Court is directed to remove Dr. Mannis from the service list for both of these cases.

4. Plaintiff's motions for preliminary injunctive relief and/or a protective order in case no. 2:08-cv-0593 KJM DB (ECF No. 306) and in case no. 2:10-cv-2139 KJM DB (ECF No. 382) are denied.

DATED: September 29, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE