UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>         Plaintiff,<br><br>    v.<br><br>JAMES WALKER, et al.,<br><br>         Defendants. | No.  2:08-cv-0593 KJM DB |
| KENNARD DAVIS,<br><br>         Plaintiff,<br><br>    v.<br><br>JAMES WALKER, et al.,<br><br>         Defendants. | No.  2:10-cv-2139 KJM DB<br><br>ORDER |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]
Pending before the court are several motions filed by plaintiff relating to her motion to be

---

[1] Plaintiff makes many of the same allegations regarding her medical care, among other things, in the two cases covered by this order and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue the same orders in both cases. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

1   restored to competency.  For the reasons set forth below, this court finds the motions premature

2   and denies them without prejudice to their renewal at a later time.  In addition, based on

3   plaintiff's request, this court vacates the portion of its September 21, 2023 order granting

4   plaintiff's motions for appointment of an expert and considers those motions withdrawn.

**RELEVANT BACKGROUND**

The background of proceedings regarding plaintiff's competency, her motion to be restored to competency status, and her representation in the present actions is set out in this court's January 6, 2023 order and will not be repeated here.  (See ECF No. 281.)  In June, at the court's request, defendant's counsel filed a report regarding plaintiff's current mental status.  (ECF No. 301.)  Based on the "limited evidence" in that report, most defendants take the position that plaintiff "appears to be competent."  (ECF No. 315 in case no. 2:08-cv-0593 KJM DB and ECF No. 393 in case no. 2:10-cv-2139 KJM DB.)  One defendant in case no. 2:10-cv-2139 KJM DB opines that plaintiff is "currently competent to represent herself."  (ECF No. 385.)

In an order filed September 21, this court found that the appropriate first step in determining plaintiff's competence under Federal Rule of Civil Procedure 17 is appointment of a neutral expert.  (ECF No. 320.)  Plaintiff had filed three motions seeking the appointment of psychiatrist Dr. Kaushal Sharma, who rendered an opinion on plaintiff's competence in 2011.  This court granted plaintiff's motions for the appointment of an expert and directed the parties to attempt to contact Dr. Sharma.  Defendants' counsel recently submitted a statement describing their unsuccessful attempts to locate and contact Dr. Sharma.  (ECF No. 336.)  In plaintiff's recent filings, as discussed below, she withdraws her motions for the appointment of a mental health expert.

**PLAINTIFF'S MOTIONS**

Plaintiff has seven pending motions relating to her motion to be declared competent.[2]  Before addressing those motions, this court notes that plaintiff directed each to Chief Judge

---

[2] Plaintiff has a pending appeal to the Ninth Circuit.  (ECF Nos. 327, 334.)  The basis for plaintiff's appeal is the court's denial of plaintiff's motions relating to her request for a transfer to a women's prison, which is not a subject of the present cases.  (See ECF No. 322.)

Mueller.  In October 2022 Chief Judge Mueller referred these cases to the undersigned magistrate judge for "all further proceedings," including all pending motions.  (ECF No. 275; see also ECF No. 278.)  Chief Judge Mueller denied plaintiff's request for reconsideration of that order.  (ECF No. 277.)  Accordingly, the magistrate judge will rule on most non-dispositive motions, such as the motions currently before the court.  For dispositive motions, the magistrate judge issues findings and recommendations to the district judge.  See 28 U.S.C. § 636(b)(1)(B); Local Rule 302.

In motions filed in May 2023, plaintiff asks:  (1) to cross-examine Dr. Mannis, who examined plaintiff in 2017 to provide the court with an opinion about plaintiff's physical health, and (2) to unseal Dr. Mannis's report.  (ECF Nos. 298, 299.)  Dr. Mannis's opinion involves plaintiff's physical health, which is one of the bases for plaintiff's claims in these cases.  The issue currently before the court is plaintiff's mental health and competence.  This court will deny plaintiff's motions regarding Dr. Mannis without prejudice to their renewal when the merits of plaintiff's claims are addressed.

In a motion filed June 16, 2023, plaintiff asks to cross-examine Dr. Neumann, the Regional Administrator of CDCR's Mental Health Program-Region II.  (ECF No. 302.)  Dr. Neumann prepared the report on plaintiff's mental health that defendants filed here on June 6, 2023.  In October, plaintiff moved to cross-examine Drs. Peterson and Flinn, who appear to be his current mental health providers and provided some of the information contained in the June 6 report. (ECF Nos. 330, 331.)  As explained in this court's September 21 order, this court finds the first step in considering plaintiff's motion to be restored to competency status is appointment of a neutral mental health expert to examine plaintiff and render an opinion on plaintiff's competence.  If this court determines additional evidence is required, plaintiff may be permitted to examine Dr. Neumann and her current mental health providers.  Therefore, plaintiff's motions to examine Drs. Neumann, Peterson, and Flinn are denied without prejudice to their renewal at an appropriate time.  Plaintiff is warned that this court will make clear when, and if, it will be appropriate to renew these motions.  If plaintiff re-files those motions prior to this court's permission to do so, the motions will be disregarded.

In motions filed October 4, plaintiff requests a status conference and a settlement conference. (ECF Nos. 325, 326.) She provides no reasons for either one. This court does not find a status conference useful at this time. With respect to the request for a settlement conference, one defendant has filed a statement of non-opposition to that motion. (ECF No. 414 in case no. 2:10-cv-2139 KJM DB.) However, a settlement conference is not appropriate until a determination has been made that plaintiff is competent to represent herself in these cases. Those motions will be denied without prejudice.

Finally, plaintiff filed objections to this court's September 21 order granting her motions for the appointment of a mental health expert. (ECF No. 332.) Plaintiff states that she does not seek appointment of any expert regarding her motion to be restored to competence. On October 4, plaintiff also filed a request to withdraw those motions. (ECF No. 324.) This court will therefore vacate the portions of the September 21 order granting those motions and consider them withdrawn. That said, this court retains its independent decision in the September 21 order that appointment of a neutral mental health expert is appropriate at this time. While plaintiff complains that the parties do not disagree that she is competent, as this court explained in the September 21 order the court has an obligation to protect incompetent parties. Therefore, while the court considers defendants' opinions regarding plaintiff's competence, those opinions are not determinative. Moreover, all but one defendant qualified their opinion as based on "limited evidence." This court also finds the evidence currently available insufficient to render a decision on plaintiff's competence. Because plaintiff addresses her objections to the court's ruling that an expert should be appointed to Chief Judge Mueller, the undersigned will not consider them further.

In their response to the court's order regarding contact information for Dr. Sharma, defendants demonstrate that they have made a good faith attempt to obtain that information but have been unable to do so. (ECF No. 336.) In addition, it appears Dr. Sharma may be retired. This court will therefore locate and engage an expert to conduct a mental health examination of plaintiff and render an opinion on her competency.

////

4

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to cross-examine Dr. Mannis (ECF No. 298 in case no. 2:08-cv-0593 KJM DB and ECF No. 374 in case no. 2:10-cv-2139 KJM DB) is denied without prejudice.

2. Plaintiff's motion to unseal Dr. Mannis's report (ECF No. 299 in case no. 2:08-cv-0593 and ECF No. 375 in case no. 2:10-cv-2139 KJM DB) is denied without prejudice.

3. Plaintiff's motion to cross-examine Dr. Neumann (ECF No. 302 in case no. 2:08-cv-0593 KJM DB and ECF No. 378 in case no. 2:10-cv-2139 KJM DB) is denied without prejudice.

4. Plaintiff's motions to cross-examine Drs. Peterson and Flinn (ECF Nos. 330, 331 in case no. 2:08-cv-0593 KJM DB and ECF Nos. 406, 407 in case no. 2:10-cv-2139 KJM DB) are denied without prejudice.

5. Plaintiff's motions for a status conference and a settlement conference (ECF Nos. 325, 326 in case no. 2:08-cv-0593 KJM DB and ECF Nos. 402, 403 in case no. 2:10-cv-2139 KJM DB) are denied without prejudice.

6. The portion of this court's September 21, 2023 order (ECF No. 320 in case no. 2:08-cv-0593 KJM DB and ECF No. 398 in case no. 2:10-cv-2139 KJM DB) granting plaintiff's motions for appointment of an expert is vacated. In all other respects, the September 21 order, including this court's determination that appointment of a mental health expert is appropriate at this time, is unchanged.

7. Plaintiff's motions for the appointment of an expert (ECF Nos. 294, 303, 304 in case no. 2:08-cv-0593 KJM DB and ECF Nos. 371, 379, 380 in case no. 2:10-cv-2139 KJM DB) are considered withdrawn.

Dated: November 3, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/DB prisoner inbox/civil rights/S/davi0593&2139.p comp related mtns