UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>        Defendants.<br><br>KENNARD DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>        Defendants. | No. 2:08-cv-0593 KJM DB<br><br><br><br><br><br><br><br>No. 2:10-cv-2139 KJM DB<br><br><br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]

---

[1] Plaintiff makes essentially the same allegations regarding her medical care, among other things, in the two cases covered by this order and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue the same orders in both cases. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

Before the court are multiple motions filed by plaintiff. In the present order, this court addresses plaintiff's motions related to her motion to be restored to competency status, a motion for appointment of an investigator, and a motion to sever these cases.[2] By separate order and findings and recommendations, this court will address plaintiff's motions for preliminary injunctive relief and related motions.

Initially, this court finds it necessary to remind plaintiff that she may not file multiple motions seeking essentially the same relief. In an order issued January 6, 2023, plaintiff was warned about her excessive filings: "Plaintiff is formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court if the court determines he has filed excessive motions in a pending action." (ECF No. 281 (citations omitted).) Plaintiff filed fourteen motions in case no. 2:08-cv-0593 in just the last month and a half. In addition to the repetitive nature of a number of those motions, the total number is simply excessive. Plaintiff is again warned that if she continues to file an excessive number of motions, this court will recommend she face sanctions, which could include a recommendation that these cases be dismissed.

**BACKGROUND**

The basis for and status of plaintiff's cases has been set out in recent orders and will not be repeated here. (See ECF Nos. 281, 340.) Currently, this court is considering plaintiff's motion to be restored to competency status. (ECF No. 271.) This court determined that the first step in that process is evaluation of plaintiff by a neutral expert. (ECF Nos. 320, 340.) On March 14, 2024, this court appointed Dr. Amanda Gregory as the expert to conduct that evaluation. (ECF No. 352.)

---

[2] Plaintiff directs all of her motions to Chief District Judge Mueller. Plaintiff has been advised in the past, and is reminded here, that her cases have been referred to the undersigned magistrate judge pursuant to 28 U.S.C. §636 and Local Rule 302. (See ECF Nos. 275, 278 in case no. 2:08-cv-0593 and ECF Nos. 337, 347 in case no. 2:10-cv-2139; see also ECF No. 340 at 2-3 (explaining effect of referral).) The undersigned therefore will "determine any pretrial matters," except those specifically excepted under 28 U.S.C. §636(b)(1)(A). With respect to those excepted matters, this court issues findings and recommendations to Chief District Judge Mueller, who will render a final decision.

**MOTIONS**

Plaintiff filed several motions related to her motion to be restored to competency. Plaintiff seeks a determination of competency based on the evidence already before the court (ECF Nos. 343, 347) and to introduce testimony regarding her competency (ECF Nos. 353, 356). This court has previously addressed, and rejected, plaintiff's argument that no additional evidence is required for the court to consider plaintiff's motion to be restored to competency. (See ECF No. 281 at 4-5; ECF No. 340 at 4.) Therefore, plaintiff's motions to determine competency based on existing evidence will be denied both because they are repetitive and for the reasons given in the prior orders.

With respect to plaintiff's motions to introduce testimony regarding her competency, this court has previously addressed similar motions and dismissed them as premature. (ECF No. 340 at 3.) After this court receives Dr. Gregory's report, the undersigned will determine the appropriate next steps in considering plaintiff's motion to be restored to competency. Until that time, plaintiff shall not file any motions seeking to present evidence, either documentary or through testimony, regarding her competency motions. If she does file such motions prematurely, those motions will be dismissed, and, as stated above, plaintiff risks sanctions for filing excessive motions.

Plaintiff filed a motion for appointment of a private investigator to assist in pretrial preparation. (ECF No. 348.) This motion is also premature. These cases are not in the trial preparation phase. As described above, this court is currently considering plaintiff's motion to be restored to competency. When, and if, these cases proceed to trial, plaintiff will be permitted to develop evidence. However, plaintiff is advised that the court may only use public funds for indigent litigants when authorized by Congress. Graves-Bey v. Hedgepeth, No. 1:08–cv–01718–LJO–GSA PC, 2009 WL 3789162, at *1 (E.D. Cal. Nov. 10, 2009) (citing Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989)). The in forma pauperis statute does not authorize federal courts to spend public funds on investigators. See 28 U.S.C.A. § 1915 (West 2006); see also Graves-Bey, 2009 WL 3789162, at *1 (finding the in forma pauperis statute does not authorize expenses for investigators).

1       Finally, in case no. 2:10-cv-2139, plaintiff moves to sever these two cases. (ECF No.
2  424.) Plaintiff argues that both she and the parties in her 2010 case are prepared to discuss
3  settlement or moving the case forward to trial. However, this court may not proceed to the merits
4  of either case while the status of plaintiff's competency and her legal ability to represent herself
5  are unresolved. Further, the fact that the defendants in the 2010 case may agree with plaintiff that
6  she is competent does not resolve the issue. This court previously noted that, under Rule 17, the
7  court is tasked with protecting the rights of incompetent parties. (See ECF No. 320 at 4.) The
8  issue is not an adversarial one that can be addressed by stipulation. Accordingly, this court finds
9  no basis to sever the cases at this time.

10      For the foregoing reasons, IT IS HEREBY ORDERED that:

11      1. For case no. 2:08-cv-0593 KJM DB P:

12          a. Plaintiff's motions for a competency determination based on the evidence
13             already before the court (ECF Nos. 343, 347) are denied;

14          b. Plaintiff's motions to introduce testimony regarding her competency (ECF
15             Nos. 353, 356) are dismissed without prejudice to their renewal at the
16             appropriate time; and

17          c. Plaintiff's motion for a private investigator (ECF No. 348) is denied.

18      2. For case no. 2:10-cv-2139 KJM DB P:  Plaintiff's motions to introduce testimony
19         regarding her competency (ECF Nos. 430, 433) are dismissed without prejudice to
20         their renewal at the appropriate time.

21      Further, IT IS RECOMMENDED that plaintiff's motion to sever these cases (ECF No.
22  424 in case no. 2:10-cv-2139 KJM DB P) be denied.

23      These findings and recommendations will be submitted to the United States District Judge
24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days
25  after being served with these findings and recommendations, either party may file written
26  objections with the court. The document should be captioned "Objections to Magistrate Judge's
27  Findings and Recommendations." The parties are advised that failure to file objections within the
28  ////

4

specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 3, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/davi0593&2139.mtns re comp