UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Kennard Davis,

                Plaintiff,

      v.

James Walker, et al.,

                Defendants.

No. 2:08-cv-0593 KJM SCR

Kennard Davis,

                Plaintiff,

      v.

James Walker, et al.,

                Defendants.

No. 2:10-cv-2139 KJM SCR

ORDER

Plaintiff brings civil rights actions under 42 U.S.C. § 1983.[1]  She has filed four types of motions: (1) registering objections to the magistrate judge's order declining to allow plaintiff to cross-examine experts who have submitted evidence to the court on plaintiff's physical and mental health; (2) seeking a telephonic or status conference; (3) seeking this court's recusal, and (4) making objections to various rulings in minute orders by the magistrate judge.  For the reasons that follow, these motions are **denied.**

## I.    BACKGROUND

These cases have long procedural histories, and it is unnecessary to repeat all of that history here.  The court previously ruled plaintiff incompetent to proceed as a pro se plaintiff and this court administratively closed these actions in 2019 pending a return to competency.  *See* Order (July 31, 2019), ECF No. 244. Upon a remand from the Ninth Circuit which directed the district court to periodically reassess plaintiff's competency, *see* ECF No. 262, the court referred the case to the assigned magistrate judge for further proceedings.  *See* Min. Order (Oct. 6, 2022), ECF No. 275.  On September 8, 2022, plaintiff moved to be returned to competency status.  *See* Mot. for Misc. Relief, ECF No. 271.  Plaintiff also requested the magistrate judge appoint Dr. Kaushal Sharma as a psychiatric expert to help determine plaintiff's competence at this stage of the case.  *See* Mot. for Misc. Relief (May 4, 2023), ECF No. 294.  The magistrate judge granted the motion and ordered the parties to attempt to locate Dr. Sharma.  Order (Sept. 21, 2023) at 5, ECF No. 320.  Plaintiff withdrew the request several weeks later.  Pl.'s Withdrawal of Mot., ECF No. 324.

In multiple requests, plaintiff also has made demands to cross-examine Dr. Steven Mannis, who provided this court with information in a report relating to plaintiff's physical

---

[1] Plaintiff makes substantially the same allegations in the two cases covered by this order and files the same or substantially similar documents in both cases.  Therefore, the court has and will continue to issue the same order in both cases.  The electronic filing numbers in the text refer to the docket in the 2008 case.  The same or related motions filed in the 2010 case are: (1) objections to the magistrate judge declining to allow plaintiff to cross-examine experts who have submitted evidence to the court on plaintiff's physical and mental health (ECF Nos. 408, 418); a motion to set a telephonic or status conference (ECF No. 438); motions for recusal (ECF Nos. 469, 470); and objections to the magistrate judge's minute orders (ECF Nos. 480, 482).

health, and to unseal his report, *see* Sealed Event (Sept. 12, 2018) ECF No. 181; Pl.'s Requests, ECF Nos. 298, 299.  Plaintiff also seeks to cross-examine Dr. Stephanie Neumann, the regional administrator of California's Department of Correction and Rehabilitation Mental Health Program-Region II, who on behalf of defendants submitted a report to this court on June 6, 2023, relating to plaintiff's mental health, *see* Neumann Decl. ECF No. 301; Pl.'s Mot. for Misc. Relief (June 16, 2023), ECF No. 302; Pl.'s Mot. for Misc. Relief (Oct. 12, 2023), ECF No. 332. Plaintiff also seeks to examine plaintiff's own current mental health providers, Dr. Michelle Peterson, *see* Mot. for Misc. Relief (Oct. 11, 2023), ECF No. 330, and Dr. Flinn, Mot. for Misc. Relief (Oct. 11, 2023), ECF No. 331, both of whom likely provided some information for Dr. Neumann's report, *see* Neumann Decl. at 2.  The magistrate judge denied the requests for cross-examination without prejudice and granted plaintiff's request to withdraw her motion to appoint Dr. Sharma, *see* Order (Nov. 3, 2023), ECF No. 340.  Plaintiff objected to the denial of her request to cross-examine the experts. *See* Pl.'s Objs. (Nov. 13, 2023), ECF No. 341.

On March 28, 2024, plaintiff moved to have the parties meet and confer to hear plaintiff's request that the parties' consent to granting the magistrate judge the power to preside over these actions. *See* Mot. for Misc. Relief (Mar. 28, 2024), ECF No. 361.  On October 28, 2024, plaintiff requested this court recuse itself from these actions, alleging the court engaged in a variety of improprieties. *See* Notice and Mot. for Recusal, ECF No. 396.  On November 14, 2024, the magistrate judge ordered a court-appointed expert, Dr. Amanda Gregory, to perform a new competency assessment on plaintiff. *See* Order (Nov. 14, 2024), ECF No. 398.  In December, the magistrate judge denied various requests by plaintiff in minute orders. *See* ECF Nos. 404 and 406.

## II.    ANALYSIS

First, plaintiff objects to the magistrate judge's order denying plaintiff the opportunity to cross-examine Dr. Mannis, unseal his report and to cross-examine the psychiatric experts. *See generally* Pl.'s Objs.  The magistrate judge denied the requests relating to Dr. Mannis without prejudice, stating Dr. Mannis' report relates to the merits of plaintiff's claims and the court needs to resolve plaintiff's mental competency first. *See* Order (Nov. 3, 2023) at 3.  The court also

1    denied plaintiff's request to cross-examine Drs. Neumann, Peterson and Flinn without prejudice,

2    stating it might allow cross-examination later if the magistrate judge feels the need to further

3    develop the evidentiary record in relation to plaintiff's mental health.  *See id.*  Plaintiff has

4    objected to this order, arguing the magistrate judge has ruled incorrectly on dispositive motions.

5    Pl.'s Objs. at 2.  The court has reviewed the magistrate judge's order and finds the magistrate

6    judge has not ruled on any dispositive motion.  Further, the court perceives neither clear error nor

7    any decision contrary to law in the magistrate judge's decisions in this respect.  *See* Fed. R. Civ.

8    P. 72(a); 29 U.S.C. § 636(b)(1)(A).  Plaintiff's objections are overruled.

9           Second, plaintiff requests a telephonic or status conference to discuss with defendants the

10   possibility of consenting to magistrate judge jurisdiction.  Mot. for Misc. Relief (Mar. 28, 2024)

11   at 1.  Plaintiff apparently desires the parties' consent under 29 U.S.C. § 636(c)(1) for the

12   magistrate judge to "conduct any or all proceedings in a jury or nonjury civil matter and order the

13   entry of judgment in the case."  A scheduling or telephonic conference is not necessary for the

14   parties to determine whether they each wish to consent, as they may.  For the court ultimately to

15   determine whether it could accept consents, it may need to await completion of the competency

16   assessment of plaintiff the magistrate judge recently has ordered.  *See* Order (Nov. 14, 2024).

17   The court denies these motions.

18          Third, plaintiff requests this action be transferred to another judge under 28 U.S.C. § 144

19   and 28 U.S.C. § 455.  *See* Notice & Mot. for Recusal.  Section 144 requires a judge presiding in a

20   given case to assign another judge to hear evidence of bias or prejudice against the presiding

21   judge whenever any party files a "timely and sufficient affidavit that the judge . . . has a personal

22   bias or prejudice" against that party.  A judge need not appoint another judge, however, if the

23   affidavit is conclusory and lacks evidentiary support.  *See United States v. $292,888.04 in U.S.

24   Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (citing *United States v. Sibla*, 624 F.2d 864, 868 (9th

25   Cir. 1980)).  Section 455 allows judges to recuse themselves based on personal bias or even the

26   appearance of partiality.  Generally, judges do not recuse based on their having issued prior

27   adverse rulings.  *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993).

28   Judges also have a duty not to recuse in certain circumstances.  This "obligation not to recuse is

4

perhaps at its highest when the motion has been brought after the party seeking recusal has sustained an adverse ruling in the course of the action." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1205–06 (E.D. Cal. 2010).

Here, plaintiff alleges this court has repeatedly ignored "submitted evidence of her competency," Notice and Mot. for Recusal at 2, and provides a variety of conclusory allegations including that this court has engaged in a conspiracy with various lawyers and prison officials against plaintiff, *see id.* at 2–3. These allegations are insufficient to trigger assignment of this motion to another judge under section 144. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d at 566. Both the conclusory allegations and the adverse rulings cited by plaintiff also are insufficient to require recusal under section 455. *See Sierra Pac. Indus.*, 759 F. Supp. 2d at 1205–06 (courts have duty not to recuse when party seeking recusal has suffered an adverse ruling). These motions are denied.

Finally, plaintiff objects to the magistrate judge's minute orders, *see* ECF Nos. 405, 407, in which that judge denied various requests by plaintiff, including to be moved to a new location, having her competency hearing videotaped, and being able to call Dr. Gregory, *see* ECF Nos. 404, 406. The court perceives neither clear error nor any decision contrary to law in these minute orders. *See* Fed. R. Civ. P. 72(a); 29 U.S.C. § 636(b)(1)(A). These objections are overruled.

## IV.   CONCLUSION

The court **orders** the following**:**

1. Plaintiff's objections in case no. 2:08-cv-0593 KJM SCR to the denial of plaintiff's requests to cross-examine Drs. Mannis, Neumann, Peterson, and Flinn and to unseal Dr. Mannis' report (ECF Nos. 332, 341) are **overruled.**

2. Plaintiff's objections in case no. 2:10-cv-2139 KJM SCR to the denial of plaintiff's requests to cross-examine Drs. Mannis, Neumann, Peterson, and Flinn and to unseal Dr. Mannis' report (ECF Nos. 408, 418) are **overruled.**

3. Plaintiff's request in case no. 2:08-cv-0593 KJM SCR for a telephonic or status conference (ECF No. 361) is **denied.**

*/////*

1      4. Plaintiff's request in case no. 2:10-cv-2139 KJM SCR for a telephonic or status

2 conference (ECF No. 438) is **denied.**

3      5. Plaintiff's motion in case no. 2:08-cv-0593 KJM SCR for recusal (ECF No. 396) is

4 **denied.**

5      6. Plaintiff's motions in case no. 2:10-cv-2139 KJM SCR for recusal (ECF Nos. 469, 470)

6 are **denied.**

7      7.  Plaintiff's objections in case no. 2:08-cv-0593 KJM SCR to various minute orders by

8 the magistrate judge (ECF Nos. 405, 407) are **overruled.**

9      8. Plaintiff's objections is case no. 2:10-cv-2139 KJM SCR to various minute orders by

10 the magistrate judge (ECF Nos. 480, 482) are **overruled.**

11      This order resolves ECF Nos. 332, 341, 361, 396, 405, and 407 in case no. 2:08-cv-00593

12 KJM SCR.

13      This order resolves ECF Nos. 408, 418, 438, 469, 470, 480, and 482 in case no. 2:10-cv-

14 2139 KJM SCR.

15      IT IS SO ORDERED.

16 DATED:  January 7, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE