UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES WALKER, et al.,<br><br>　　　　Defendants. | No. 2:08-cv-0593 KJM SCR P |
| KENNARD DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES WALKER, et al.,<br><br>　　　　Defendants. | No. 2:10-cv-2139 KJM SCR P<br><br>ORDER |

　　　　Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]

---

[1] Plaintiff makes many of the same allegations regarding her medical care, among other things, in the two captioned cases and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue identical orders in both cases, as appropriate. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

By separate Findings and Recommendations issued contemporaneously with this order, the undersigned determined that there is an insufficient factual basis to find plaintiff competent at this time. The court remains mindful of its ongoing duty pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure to either: 1) appoint a guardian ad litem; or, 2) "issue another appropriate order" to protect plaintiff's interests in light of plaintiff's incompetence. Before the court can discharge this obligation, however, the undersigned will require the parties to submit briefs on what constitutes an appropriate order under Rule 17(c)(2) due to the procedural posture of these cases.

The parties shall submit briefs addressing whether it remains futile to appoint another guardian ad litem. See ECF No. 244 (finding that it would be futile to appoint another pro bono counsel or guardian ad litem to represent plaintiff). The briefs shall discuss whether it is even possible to find another person willing to serve in this capacity based on the age and complexity of this case; plaintiff's treatment of prior guardian ad litems; as well as her ongoing refusal to cooperate with any court appointed experts. See Davis v. Walker, 2022 WL 1090948 (9th Cir. 2022) ("Davis II") (affirming this court's order declining to appoint a new guardian ad litem or attorney after three guardians and three attorneys had been appointed and then allowed to withdraw from further representation).

In the event that no guardian ad litem can be located at this procedural juncture, the parties shall further brief what other order the court should issue in accordance with Rule 17(c)(2) and whether any resolution on the merits is ever likely in these cases.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's brief is due by **March 27, 2025** and shall also address whether she intends to cooperate with any guardian ad litem that the court may appoint. Plaintiff is warned that failing to cooperate with any guardian ad litem may result in another administrative closure of both of her cases.

2. Any additional pleading filed by plaintiff that is not authorized by the court will be

stricken from the docket as filed in violation of a court order and not responded to.

3. Defendants' brief is due no later than **April 10, 2025**.

4. Following the expiration of the briefing deadlines set herein, the court may either amend its Findings and Recommendations concerning plaintiff's competency or will issue any necessary and further orders to discharge its duty under Rule 17(c)(2) of the Federal Rules of Civil Procedure.

5. The Clerk of Court is directed to serve a courtesy copy of this order on Saor E. Stetler, Esquire, P.O. Box 2395, Mill Valley, CA 94942, and Stephanie Marie Adraktas, Esquire, 2625 Alcatraz Avenue, #233, Berkeley, CA 94705.

DATED: March 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3