UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>   Defendants. | No. 2:08-cv-0593 KJM SCR P |
| KENNARD DAVIS,<br><br>   Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>   Defendants. | No. 2:10-cv-2139 KJM SCR P<br><br>ORDER |

   Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1] A review of the docket in these matters indicate that plaintiff was recently transferred to Mule

---

[1] Plaintiff makes many of the same allegations regarding her medical care, among other things, in the two captioned cases and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue identical orders in both cases. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

1 | Creek State Prison. ECF No. 449; ECF No. 508 in Case No. 10-cv-2139-KJM-SCR. Based on
2 | this transfer, plaintiff's pending motions challenging her conditions of confinement at Salinas
3 | Valley State Prison are moot. Therefore, these motions are denied. ECF Nos. 424, 436, 445;
4 | ECF No. 499 in Case No. 2:10-cv-2139-KJM-SCR.

5 |     Plaintiff has also filed motions to recuse the undersigned from all pending matters based
6 | on his asserted bias and prejudice in refusing to order a competency hearing to be conducted.
7 | ECF No. 425; ECF No. 500 in Case No. 2:10-cv-2139-KJM-SCR. In the motion, plaintiff further
8 | alleges that there is a conspiracy amongst various individuals to deprive her of safe housing at
9 | Salinas Valley State Prison.

10 |     The Ninth Circuit has "held repeatedly that the challenged judge himself should rule on
11 | the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d
12 | 934, 940 (9th Cir. 1986) (citation omitted). If the affidavit supporting the motion is legally
13 | insufficient or conclusory in nature, then recusal can be denied. United States v. $292,888.04 in
14 | U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995). The substantive standard in both federal statutes
15 | governing recusal is "whether a reasonable person with knowledge of all the facts would
16 | conclude that the judge's impartiality might reasonably be questioned." Studley, 783 F.2d at 939
17 | (internal quotations omitted)); see also 28 U.S.C. § 144; 28 U.S.C. § 455. Recusal is justified
18 | "only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings
19 | made during the course of the proceeding." Toth v. Trans World Airlines, Inc., 862 F.2d 1381,
20 | 1388 (9th Cir. 1988).

21 |     Based on these standards and a review of the motions, a reasonable person with
22 | knowledge of the facts of this case would not have a basis to question the impartiality of the
23 | undersigned. Plaintiff's recusal motion is based on her disagreements with the procedure utilized
24 | by this court to resolve her pending motions to be determined competent. Her conclusory
25 | allegations are based on nothing more than rank speculation of a conspiracy against her and are
26 | legally insufficient to establish a reasonable question as to the undersigned's impartiality.
27 | Therefore, the motions for recusal are denied.
28 | ////

2

1    Accordingly, IT IS HEREBY ORDERED that:

2    1. Plaintiff's motions challenging her conditions of confinement at Salinas Valley State Prison (ECF Nos. 424, 436, 445; ECF No. 499 in Case No. 2:10-cv-2139-KJM-SCR) are denied as moot based upon her subsequent prison transfer.

3    2. Plaintiff's motions for recusal (ECF No. 425; ECF No. 500 in Case No. 2:10-cv-2139-KJM-SCR) are denied for the reasons indicated herein.

DATED: May 14, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3