UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>        Defendants. | No. 2:08-cv-0593 KJM SCR P |
| KENNARD DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES WALKER, et al.,<br><br>       Defendants. | No. 2:10-cv-2139 KJM SCR P<br><br>ORDER |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]

---

[1] Plaintiff makes many of the same allegations regarding her medical care, among other things, in the two captioned cases and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue identical orders in both cases. Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

1   Through a prior order, the court sought the parties' positions as to whether the upcoming hearing
2   pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure should be convened in person
3   or over Zoom, and the parties' availability for that hearing.  ECF No. 480.  All the parties,
4   including plaintiff, indicated a preference to attend the hearing via Zoom video conference.  As a
5   result, the undersigned hereby sets this matter for a hearing pursuant to Rule 17(c)(2) on Monday,
6   July 7, 2025 at 2:00 p.m. via Zoom video conference.  This hearing is set outside of the normal
7   civil motions calendar to allow the parties adequate time to present their positions.  The parties
8   will receive login instructions closer to the scheduled hearing date.  By separate order this same
9   date, the court has issued a writ of habeas corpus ad testificandum to secure plaintiff's presence at
10  this Zoom hearing.  Compliance with this order does not authorize CDCR to forcibly extract
11  plaintiff from her cell in order to attend this hearing.

12          The parties may, but are not required to, submit a brief outlining their views on whether:
13  1) the court may decline to appoint a new guardian ad litem or counsel for plaintiff at this
14  juncture; 2) whether it is likely that any other person would be willing to serve as a guardian or
15  counsel for plaintiff; and, 3) under what terms and conditions these cases may be administratively
16  closed in the absence of appointing a guardian or counsel.  Such briefs shall be filed no later than
17  7 days prior to the hearing.  To give full consideration to what constitutes an appropriate order to
18  protect plaintiff's interest, the court's Pro Bono Coordinator, Ms. Sujean Park, is requested to
19  either submit a declaration prior to July 7, 2025, or to attend the Zoom hearing, detailing what, if
20  any, resources remain available in these cases.  If a declaration is submitted, the court will serve
21  the parties with a copy.

22          Accordingly, IT IS HEREBY ORDERED that:
23          1. This matter is scheduled for a Rule 17(c)(2) hearing on July 7, 2025 at 2:00 p.m. via
24  Zoom.
25          2. **Plaintiff is specifically warned that her failure to appear at this hearing may**
26  **result in a recommendation to the district judge that these cases be administratively stayed**
27  **until such time as she is determined competent to proceed pro se.**
28          3. The court's Pro Bono Coordinator, Sujean Park, is requested to either submit a

declaration prior to July 7, 2025, or to attend the Zoom hearing, detailing what, if any, pro bono resources remain available in these cases.

DATED: June 23, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE