UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES WALKER, et al.,<br><br>    Defendants. | No.  2:08-cv-0593 KJM SCR P |
| KENNARD DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES WALKER, et al.,<br><br>    Defendants. | No.  2:10-cv-2139 KJM SCR P<br><br>ORDER |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1]

A prior court order determined that plaintiff remains incompetent for purposes of these

---

[1] Plaintiff makes many of the same allegations regarding her medical care, among other things, in the two captioned cases and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue identical orders in both cases.  Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

1   proceedings. ECF No. 479. On July 7, 2025, the court convened a hearing pursuant to Rule
2   17(c)(2) of the Federal Rules of Civil Procedure. Plaintiff appeared in propria persona. Attorney
3   Chad Couchot and Deputy Attorney General Matt Wilson appeared for defendants.

4   At the hearing, the court asked Plaintiff to respond to the question in the court's March 4,
5   2025 order concerning whether she intended to cooperate with any guardian ad litem that the
6   court may appoint. See ECF No. 420 at 2. The court also asked whether an individual named
7   Lakeshia Williams, identified by plaintiff as a potential guardian ad litem in filings in 2018, could
8   be a potential guardian at this point. Plaintiff refused to provide information about Lakeshia
9   Williams, but requested time to seek counsel or identify potential guardians ad litem. The court
10  emphasized that plaintiff may seek to retain an attorney at any point. The court addresses a
11  timeline for plaintiff to identify potential guardians ad litem below.

12  The Pro Bono Coordinator for the Eastern District of California, Sujean Park, was also
13  present at the hearing and sworn in as a witness. Ms. Park provided testimony about her efforts to
14  identify appropriate pro bono resources for plaintiff during the course of this litigation. This has
15  included reaching out to local law schools with clinical programs as well as utilizing plaintiff's
16  habeas counsel from the Central District of California. She described the three prior pro bono
17  attorneys who had been appointed in these cases who ultimately filed motions to withdraw from
18  representation. When asked what the difficulties were in obtaining representation for plaintiff,
19  Ms. Park indicated that the Pro Bono Panel attorneys were not guardians ad litem and did not
20  have sufficient time to dedicate to cases with a lengthy and complex procedural history.

21  The court queried defense counsel as to their amenability to participate in a settlement
22  conference if a guardian ad litem is appointed. Mr. Couchot expressed his belief that a settlement
23  conference was appropriate. Counsel for the remaining defendants, Mr. Wilson, was reluctant to
24  commit to a settlement conference in a medical case without complete discovery or resolution of
25  any dispositive motion.

26  After full consideration of the parties' views expressed at the hearing, the court finds it
27  appropriate to attempt to locate a guardian ad litem for plaintiff. If the guardian ad litem is not an
28  attorney, then the court would also have to appoint an attorney to represent the guardian in these

2

proceedings. Due to the age of these cases and the testimony of Ms. Park, the court concludes that limiting the scope of the appointment to a discreet purpose is the only way to obtain any pro bono assistance for plaintiff at this juncture. Therefore, the court deems it appropriate to appoint a guardian ad litem for the limited purpose of representing plaintiff during a settlement proceedings.

A review of the docket and the frequency of plaintiff's appeals to the Ninth Circuit in these cases, suggests that it is appropriate at this stage in the litigation to request assistance from relevant Ninth Circuit offices in identifying a guardian ad litem or counsel who would be willing to accept a limited purpose appointment. See Davis v. Walker, 745 F.3d 1303, 1312 n. 7 (9th Cir. 2014) (indicating that the "district court is welcome to contact" the Ninth Circuit's Pro Se Unit Supervising Attorney for the purpose of identifying assistance to represent plaintiff).

Accordingly, IT IS HEREBY ORDERED that:

1. Within 45 days from the date of this order, plaintiff shall submit a list of any guardian ad litem or attorney who is willing to represent her for the limited purpose of participating in a settlement conference. Plaintiff is directed to only list individuals with whom she is willing to cooperate. **No extensions of time of this deadline will be granted.**

2. In order to ensure that plaintiff has the ability to comply with this order in the time provided, the undersigned directs the Litigation Coordinator at Salinas Valley State Prison to provide plaintiff with, at a minimum, once a week access to a phone as well as the institution's law library **until August 25, 2025** to communicate with legal resources outside the prison for the purpose of seeking pro bono assistance in these cases.

3. The Clerk of Court is directed to serve a copy of this order via email on the Litigation Coordinator at Salinas Valley State Prison.

4. Ms. Park is requested to reach out to members of the District Court's Pro Bono Panel as well as the Ninth Circuit Court of Appeals' Pro Se Unit and the Ninth Circuit's Pro Bono Coordinator to determine if there is any attorney willing to serve in the capacity of a guardian ad litem for the limited purpose of participating in a settlement conference.

5. No later than 45 days from the date of this order, Ms. Park is requested to submit a

letter brief to the chambers of the undersigned which will then be docketed and served on the parties, that addresses the availability of any pro bono resources. If no such assistance can be located, the letter shall also describe what efforts were made to obtain pro bono assistance and whether it would be beneficial for the court to periodically resubmit these cases to the Pro Bono Panel for staffing to obtain such services at a later date.

DATED: July 8, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE