UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES WALKER, et al.,<br><br>  Defendants. | No.  2:08-cv-0593 KJM SCR P |
| KENNARD DAVIS,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES WALKER, et al.,<br><br>  Defendants. | No.  2:10-cv-2139 KJM SCR P<br><br>ORDER |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1] Currently pending before the court are two separate motions for an extension of time filed by plaintiff.  The court addresses each motion in turn.

---

[1] Plaintiff makes many of the same allegations regarding her medical care, among other things, in the two captioned cases and, with few exceptions, files the same documents in both cases. Therefore, the court has and will continue to issue identical orders in both cases.  Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

1      On May 29, 2025, plaintiff filed a motion for an extension of time to respond to the court's April 22, 2025 order directing plaintiff to indicate whether she intends to cooperate with any guardian ad litem that the court may appoint. ECF No. 468. Since this motion was filed, the court conducted a Rule 17(c)(2) hearing where plaintiff stated her position on the record concerning the appointment of a guardian ad litem and/or attorney. Therefore, the request for an extension of time is moot and is denied on that basis.

Plaintiff's second motion for an extension of time was docketed on July 16, 2025. ECF No. 499. Specifically, plaintiff requests access to an inmate tablet device and a telephone to obtain counsel and/or a guardian ad litem. ECF No. 499. By order dated July 9, 2025, the court granted plaintiff 45 days to submit a list of any guardian ad litem or attorney who is willing to represent her for the limited purpose of participating in a settlement conference in these cases. ECF No. 498. She was also advised that no extensions of time would be granted because Salinas Valley State Prison was ordered to provide plaintiff with once a week phone and law library access in the same order. ECF No. 498 at 3. Plaintiff does not assert in her motion that the prison is failing to comply with this court order by denying her weekly phone and law library access. Moreover, plaintiff requests 30 days to identify a guardian ad litem or attorney, but the court has granted her 45 days. Accordingly, the timeline actually ordered by the court effectively renders plaintiff's request for an extension of time moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file objections to the court's April 22, 2025 order (ECF No. 468) is denied as moot in light of the July 7, 2025 Rule 17(c)(2) hearing.

2. Plaintiff's motion for an extension of time (ECF No. 499) to obtain counsel and/or a guardian ad litem is denied as moot in light of the July 9, 2025 order and plaintiff's motion for access to a tablet or telephone is denied for lack of good cause shown.

DATED: July 22, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2