UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNARD DAVIS,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES WALKER, et al.,<br><br>          Defendants. | No. 2:08-cv-0593 KJM SCR P |
| KENNARD DAVIS,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES WALKER, et al.,<br><br>          Defendants. | No. 2:10-cv-2139 KJM SCR P<br><br><u>ORDER</u> |

Plaintiff, a state prisoner, proceeds with these civil rights actions under 42 U.S.C. § 1983.[1] On April 27, 2025, plaintiff filed a motion for reconsideration of the magistrate judge's Findings and Recommendations of March 4, 2025 to deny plaintiff's motions to be reinstated to

---

[1] Unless otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

1

competency.² ECF No. 461. Also pending before the court are plaintiff's motions to reinstate her motion to be restored to competency which the court construes as motions to reconsider the court's June 6, 2025 order concluding that plaintiff is incompetent to proceed pro se. ECF Nos. 481, 485, 486, 488, 503; ECF Nos. 518, 522, 534 in Case No. 2:10-cv-2139-KJM-SCR-P.

Pursuant to E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." Upon review of the filings at issue, it does not appear that the magistrate judge's March 4, 2025 ruling is clearly erroneous or contrary to law. To the extent that plaintiff challenges the district court's June 6, 2025 determination that she is incompetent to proceed pro se, these motions are denied based on the lack of any new evidence demonstrating plaintiff's competency. See Leslie Salt Co. v. United States, 55 F.3d 1388, 1393 (9th Cir. 1995) (stating that, even on appeal, "the court may reconsider previously decided questions in cases in which there has been an intervening change of controlling authority, new evidence has surfaced, or the previous disposition was clearly erroneous and would work a manifest injustice.").

Accordingly, IT IS HEREBY ORDERED that:

1. Upon reconsideration, the court's orders of March 4, 2025 and June 6, 2025, are affirmed.

2. Plaintiff's motions to reconsider (ECF Nos. 461, 481, 485, 486, 488, 503; ECF Nos. 518, 522, 534 in Case No. 2:10-cv-2139-KJM-SCR-P) are denied.

3. Based upon the repetitive nature of plaintiff's motions to be restored to competency and the current procedural posture of these cases, the court will take no further action on any new motions to be restored to competency filed by plaintiff until the court resolves any Findings and Recommendations issued by the magistrate judge pursuant to Rule 17(c) of the Federal Rules of Civil Procedure.

DATED: August 4, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

² The filing date has been calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).