1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNARD DAVIS,                           No.  2:08-cv-0593 KJM SCR P

12                 Plaintiff,

13          v.

14    JAMES WALKER, et al.,

15                 Defendants.

16

17    KENNARD DAVIS,                           No.  2:10-cv-2139 KJM SCR P

18                 Plaintiff,

19          v.

20    JAMES WALKER, et al.,                    ORDER

21                 Defendants.

22

23

24          Plaintiff is a state prisoner proceeding through a guardian ad litem with these civil rights

25    actions filed pursuant to 42 U.S.C. § 1983.[1]  By order dated August 7, 2025, the court appointed

26    _____

27    [1] Plaintiff makes many of the same allegations regarding her medical care, among other things, in
      the two captioned cases and, with few exceptions, files the same documents in both cases.
      Therefore, the court has and will continue to issue identical orders in both cases.  Unless
28    otherwise noted, the electronic filing numbers in the text refer to the docket in the 2008 case.

                                              1

1   plaintiff a guardian ad litem for the limited purpose of conducting an initial case assessment and

2   consultation with Ms. Davis.  On September 5, 2025, plaintiff's guardian ad litem filed a notice

3   with the court describing her efforts in these cases to date.  ECF No. 516.  Part of this notice

4   requested an extension of time in order to establish telephone communication with plaintiff prior

5   to formally expanding her court appointment to include a settlement confernce.  ECF No. 516 at

6   4.

7        Based on the difficulties in establishing telephonic communication between plaintiff and

8   the guardian ad litem, the court conducted a status conference on September 9, 2025.  ECF No.

9   518.  At the status conference, the court directed plaintiff's guardian ad litem to file a notice

10   indicating whether she is willing to expand her appointment to include participating in a

11   settlement conference.  Id.  The guardian ad litem filed the required notice indicating that she

12   consents to expanding her appointment as guardian ad litem for Ms. Davis.  Therefore, the court

13   hereby grants the request to expand attorney Gill's limited purpose appointment to include

14   representing plaintiff during a settlement conference.  See Fed. R. Civ. P. 17(c)(2).

15        Having reviewed the parties' respective positions articulated at the July 7, 2025 and

16   September 9, 2025 hearings concerning a potential settlement conference, the court will order the

17   parties to attend a mandatory settlement conference in these cases to be set by separate order.

18        Accordingly, IT IS HEREBY ORDERED that:

19        1.  Agnieszka Gill's limited purpose appointment as plaintiff's guardian ad litem ("GAL")

20   shall be expanded to include representing plaintiff in a court ordered settlement conference in

21   these cases.

22        2.  Attorney Gill's time, up to and including 15 additional hours, shall be compensated by

23   the court at the hourly rate for attorneys provided in the Criminal Justice Act.  In the event that

24   attorney Gill requires additional hours to prepare and participate in the settlement conference, she

25   shall contact the court to seek pre-authorization for additional funding.

26        3.  If plaintiff's GAL determines that it is necessary and appropriate for plaintiff to attend

27

28

the settlement conference, she shall file a request for a writ of habeas corpus ad testificandum to be issued by the court no later than **September 30, 2025**.  Upon receiving the request, the court will issue the writ for plaintiff's presence at the settlement conference.  If the settlement conference is to be convened by Zoom, that presence will be over Zoom.

Dated: September 19, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE